### NELSON *et al.* v. LOLLAR.

No. 1860, Okla. T.    Opinion Filed Feb. 19, 1908.

(94 Pac. 176.)

COURTS—Rules—Costs on Appeal—Cash Deposit. The district court of the territory of Oklahoma has no power to impose a rule requiring that a party appealing a cause from the justice of the peace court to the district court shall deposit with the clerk of the district court $5.00 for costs, with the clerk, and that a failure to do so within a designated time after the transcript of the trial court is deposited with the clerk shall be ground for the dismissal of the appeal.

(Syllabus by the Court.)

*Error from District Court, Greer County; before C. F. Irwin, Judge.*

Action in replevin by D. F. Lollar against Joseph Nelson and and others. Judgment for plaintiff in the probate court, and defendants appeal to the district court. From a judgment dismissing the appeal, they bring error. Reversed and remanded.

On the 20th day of May, 1904, the defendant in error, as plaintiff, commenced his action in replevin against the plaintiffs in error, Joseph Nelson, sheriff of Greer county, and John S. Galloway, as defendants in the probate court of said county, to recover certain goods, wares, and merchandise levied upon by said sheriff by virtue of two writs of attachment issued out of said court in favor of said John S. Galloway, which goods, wares, and merchandise were levied upon as the property of one S. H. Zinn, the defendant in said writs of attachment.

Thereafter, on the 16th day of March, 1905, said defendants appealed said cause to the district court of said county, and duly filed their appeal bond, which was duly approved by the court, and afterwards, on the 7th day of April, 1905, the transcript thereof was duly transmitted and all the papers in said cause filed with the clerk of said court. Afterwards, on the 9th day of May, 1905, said plaintiff filed in said court a transcript of all the proceedings had in said cause in the probate court, and paid the costs that had accrued in said court, and thereupon filed his motion to dismiss said appeal on the ground that the appellants had failed to deposit with the clerk of said court the sum of $5 within 20 days after the said transcript had reached the clerk thereof. Afterward, on the 11th day of May, 1905, said motion to dismiss was sustained; said order being in words and figures as follows:

"And now the court, upon application of the appellee, dismisses this appeal and remands this cause to the court from whence it came for failure to comply with rule No. 14."

Afterwards, on the same date, the defendants filed a motion to reinstate said cause, alleging as grounds therefor; First. That the court erred in dismissing same for the reason that plaintiffs had failed to deposit with the clerk the sum of $5 within 20 days from the time the papers reached the clerk's office under the rule No. 14, as the statute did not authorize any such rule. Second. That the court erred in dismissing same, as the statute requires the clerk to file the papers and docket the cause when the same reach his office, and the law governing appeals is that when the appellant files his appeal bond in the inferior court within the time prescribed by the statute the appeal is completed, and it does not take a deposit of $5 with the district clerk to complete it, the right to appeal from the inferior court being purely statutory and regulated by specific rules of procedure, and in no manner dependent upon rules that may be promulgated by one of the district judges, subject to change at any time. Third. Because the

amount involved in this case is something like $800, and the appellant will suffer great injury unless said cause is reinstated. Fourth. Because there is a matter of important statutory construction involved herein, the debtor, S. H. Zinn, having disposed of his entire stock of merchandise to plaintiff, D. F. Lollar, without first complying with the statute of 1903, requiring merchants, before disposing of their stock of merchandise in bulk and out of the usual course of trade, to first give their creditors 10 days' notice of such proposed sale. Fifth. Because said cause was not assigned on the docket for trial, and was taken up at an adjourned term of court at which no civil cases were assigned for trial. Sixth. Because the appellants, defendants in the probate court, asked to be allowed to pay, at the time the motion was presented, the costs required to be deposited and to allow defendants to make such deposit would in no way delay the proceedings of the court, as said case would not have been called for trial at this term, only criminal cases being set for trial, and, the issues being joined, to reinstate the cause will work no delay or injury to either party. And, further, the defendants here now, with this motion, tender the costs required, and tender $5 in addition to cover not only the deposit, but also the costs paid by the appellee. Seventh. Because this appeal was agreed upon by the plaintiff and these defendants and their attorneys in order to have the aforesaid statute of 1903 properly construed.

Said rule No. 14 is in words and figures as follows:

" * * * Provided, further, in all cases appealed from a lower court to the district court of this district, the plaintiff shall, in twenty days from the time the papers in such appeal case shall have reached the office of the clerk of this court, deposit with such clerk the sum of five dollars to apply on costs of clerk in the district court, and appellee shall, prior to the first day of the next term of the district court of the county in which such appeal arose, deposit with the clerk for costs the sum of three dollars. No appeal shall be placed upon the docket of this court until the appellant shall have made the deposit herein provided for. Should

the appellant fail to make deposit for costs as herein required the appellee may pay the costs in the district court on such appeal, together, with the costs of docketing and dismissal, and such appeal shall, on the motion of the appellee, be dismissed for failure to prosecute."

On May 12, 1905, said motion to reinstate was heard and overruled and judgment rendered in favor of the defendant in error; to which action of the court exceptions were duly saved, and said cause is now properly before this court on petition in error.

*S. B. Garrett* and *C. C. Wells,* for plaintiffs in error.

*J. F. Mathews,* for defendant in error.

WILLIAMS, C. J. (after stating the facts as above). On authority of the case of *Goodwin et al. v. Bickford, ante,* p 91, 93 Pac. 548 (decided at the present term of this court), this cause is reversed and remanded, with instructions that the order of the trial court in dismissing the appeal be set aside, and the same be reinstated.

All the Justices concur.