## HOLMES v. OFFIELD.

No. 2125, Okla. T.  Opinion Filed November 13, 1908.

(98 Pac. 341.)

**JUSTICES OF THE PEACE—Appeal—Deposit for Costs**  The district court of the territory of Oklahoma could not impose a rule requiring a party appealing a cause from the justice of the peace court to said court to deposit with the clerk thereof the sum of $10, or any other sum, to apply on costs accruing in said court, conditioned that, on failure to comply therewith, the court may enter a default or dismiss said appeal. Following **Goodwin et al. v. Bickford, 20 Okla. 91, 93 Pac. 594.**

(Syllabus by the Court)

*Error from District Court, Oklahoma County; B. F. Burwell, Judge.*

Action by Ethel E. Offield against Fred Holmes. Judgment for plaintiff. Defendant brings error. Reversed and remanded.

On the 15th day of December, A. D. 1905, the defendant in error, Ethel E. Offield, as plaintiff, commenced her action in replevin against the plaintiff in error, Fred Holmes, as defendant, before W. H. Zwick, a justice of the peace of Oklahoma City township, Oklahoma county, Okla. T., to recover certain goods and chattels. Reference will be made to the parties herein as they appeared in said justice court. A change of venue was duly taken from said justice of the peace to J. J. Beall, a justice of the peace of the same township, and on the 10th day of January, A. D. 1906, said cause was tried before him without the intervention of a jury, and judgment rendered in favor of the plaintiff for the return of the property replevined, and in case of the non-delivery of the same, plaintiff to recover the sum of $60.30 as the value thereof, and $25 as damages, and also her costs in the action. From this judgment the defendant appealed to the district court of said county, and duly executed his supersedeas or appeal bond, which was approved on January 12, A. D. 1906.

Thereafter on 16th day of February, A. D. 1906, the said justice of the peace transmitted and filed with the clerk of said district court a transcript of the proceedings had and judgment rendered in said cause, together with the supersedeas bond, with his approval endorsement thereon, and all other papers in said cause, with a certificate in due form attached thereto. On the 4th day of April, A. D. 1906, the said plaintiff filed in the district court her motion to dismiss defendant's appeal, for the reason that he had failed to make a deposit in the case with the clerk of the court before the first day of the term, as required by rule of said court. On the 9th day of April, A. D. 1906, said defendant paid to the clerk of said court $10 to apply on the cost in said cause. Afterwards, on the same date, the motion of the plaintiff came on for hearing before the court. At the same time defendant presented in his behalf a proper affidavit and the receipt from the clerk of the court for said deposit, showing that the necessary deposit of costs had theretofore been paid to the

clerk of said court: Rule 19 of said court is in words and figures as follows:

"In appeal cases which under the statutes stand for trial at a term of court the appellant shall be required to deposit with the clerk the sum of $10, and the appellee the sum of $5 on the first day of such term, to apply on costs accruing in the district court. For failure to comply with this rule the court may enter either a default or an order dismissing the appeal or cause."

On the same date the court, sustaining the motion of plaintiff, made an order dismissing said appeal; the defendant duly saving his exceptions. The defendant was allowed time by the court in which to prepare a case-made and serve same on plaintiff. The same, having been duly presented for settlement, was signed and attested in due time, and filed with the clerk of the court. On the 8th day of April, 1907, the defendant, as plaintiff in error, filed in the Supreme Court of the territory of Oklahoma his petition in error, with said case-made attached thereto as a part thereof. This cause is now properly before this court; said defendant, as plaintiff in error, seeking to reverse the judgment of trict court shall be ground for dismissal of the appeal.

*H. A. Wilkinson* and *C. D. Watkins,* for plaintiff in error. *Horton & Meister,* for defendant in error.

WILLIAMS, C. J. (after stating the facts as above). This court in the case of *Goodwin et al. v. Bickford,* 20 Okla. 91, 93 Pac. 549, which followed in the case of *Nelson v. Lollar,* 20 Okla. 291, 94 Pac. 176, held that the district court of the territory of Oklahoma had no power to impose a rule requiring that a party appealing a cause from the probate court to the district court shall deposit with the clerk of the district court $5 for costs of the clerk, and that a failure to do so within 20 days after the transcript of the trial court is deposited with the clerk of the district court shall be ground for dismissal of the appeal

The rule announced in that case would be equally applicable to appeals from justices of the peace. This cause is therefore

reversed and remanded, with instructions that the order of the district court in dismissing the appeal be set aside, and the same be reinstated.

All the Justices concur.