## STONE v. CLOGSTON.

No. 258.    Opinion Filed November 9, 1909.

(105 Pac. 642.)

1.    **COURTS—Rules—Validity — Deposit for Costs.** The district court of the territory of Oklahoma could not impose a rule requiring a party appealing a case from the probate court to the district court to deposit with the clerk of the district court a specified sum for clerk's costs, conditioned that on the failure to do so the court should dismiss the appeal.

2.    **APPEAL AND ERROR—Record—Questions Reviewable—Matters Not Apparent of Record.** Where the record proper, within Wilson's Rev. & Ann. St. 1903, sec. 4606, showed that the trial court dismissed an appeal to it from the probate court on the ground that the deposit of money for costs of the clerk of the district court had not been made as required by rule of court,

the ruling could not be justified on the ground of alleged defects not appearing as a part of the record proper.

3.    **APPEAL AND ERROR—Record—Rules of Trial Court.** The rules of the trial court are a part of the record of every cause tried therein.

4.    **APPEAL AND ERROR—Errors Apparent on the Record—Exceptions.** Errors apparent on the judgment roll or record of a cause will be considered by the Supreme Court, though no exceptions were taken in the trial court.

(Syllabus by the Court.)

*Error from District Court, Oklahoma County; B. F. Burwell, Judge.*

Action by M. V. Clogston against L. C. Stone. There was a judgment dismissing an appeal by defendant to the district court from an adverse judgment rendered by the probate court, and he brings error. Reversed and remanded.

On the 19th day of December, A. D. 1906, the defendant in error as plaintiff commenced this action against the plaintiff in error as defendant, by filing his petition in the probate court in Oklahoma county, territory of Oklahoma, at the same time filing therewith a poverty affidavit and a præcipe for summons, which was duly issued and returned in proper time. On the 17th day of January, A. D. 1907, the defendant filed his answer and cross-petition. On the 26th day of January, A. D. 1907, plaintiff filed a demurrer to the answer and cross-petition. On February 14, A. D. 1907, the demurrer was overruled, and exceptions saved. On the 29th day of May, 1907, plaintiff filed his reply, and a trial was had to a jury, verdict being returned in favor of plaintiff in the sum of $157.36. On the 7th day of June, A. D. 1907, defendant filed his appeal bond in said court, and, on the 14th day of the same month, the clerk of said court transmitted to the district court of said county the files of said cause with certificate of transcript. Thereafter, on the 22d day of October, A. D. 1907, the plaintiff, defendant in error here, filed in the district court a motion to set aside or dismiss the appeal in said cause, the body of which is as follows:

"Comes now plaintiff, who is the appellee in the above-entitled cause, and moves the court that the appeal in said cause be dismissed for the reason that the defendant, who is the appellant in said cause, has failed to prosecute said appeal or to make deposit with the clerk of the district court as per the rules of the court governing appeals from justice and probate courts to the district courts."

On the 26th day of October, A. D. 1907, the court dismissed said appeal. The order recited as follows:

"It is ordered that said appeal be, and the same is hereby dismissed at the cost of the appellant for failure to comply with rule 19 relative to deposit. Ordered, further, that the clerk of this court, upon receiving his fees herein, certify this order of dismissal to the lower court from whence said appeal was taken, and remit with such order all the papers returned by the said lower court, except the transcript and appeal bond herein. Ordered, further that the costs in the district court, amounting to $———, be added to the costs in the lower court collected with such other costs and returned to the party advancing same."

Rule 19 is as follows:

"In appeal cases which under the statutes stand for trial at a term of court the appellant shall be required to deposit with the clerk the sum of $10.00 and the appellee the sum of $5.00 on the first day of such term, to apply on costs accruing in the district court. For failure to comply with this rule the court may enter either a default or an order dismissing the appeal or cause."

This cause is here for review on a transcript.

*Porter H. Morgan,* for plaintiff in error.
*Horace Speed,* for defendant in error.

WILLIAMS, J. (after stating the facts as above). That the district court of the territory of Oklahoma had no power to impose a rule requiring a party appealing a case from the probate court to the district court to deposit with the clerk of the district court a certain sum of money for the costs of the clerk, and a failure to do so after a certain designated time after the transcript of the trial court is deposited with the clerk should be ground for the dismissal of the appeal, has been repeatedly held by this court.

*Goodwin et al. v. Bickford,* 20 Okla. 91, 93 Pac. 548; *Holmes v. Offield,* 22 Okla. 552, 98 Pac. 341.

The counsel for defendant in error attempts to point out defects that would have justified the trial court in dismissing said appeal, but it is sufficient answer to say that the same do not appear as a part of the record proper (section 4606, Wilson's Rev. & Ann. St. 1903; *Devault et al. v. Merchants' Exch. Co.,* 22 Okla. 624, 98 Pac. 342), which shows that the trial court dismissed the appeal on the express ground that such deposit had not been made. It is further insisted that no exception was taken to the action of the court in dismissing such appeal, but in the case of *Goodwin et al. v. Bickford, supra,* that identical question was raised, and it was there held:

"(1) The rules of a trial court are a part of the record of every cause tried therein. (2) Errors apparent upon the judgment roll or record of a cause will be considered by this court, although no exceptions were taken thereto in the trial court."

The questions raised in this case are identical with those passed on in that case. The judgment of the lower court is reversed and remanded, with instructions to set aside the order dismissing the appeal, and that same be reinstated.

All the Justices concur.