## ST. LOUIS & S. F. R. CO. v. McALLISTER.

No. 6111.   Opinion Filed March 7, 1916.

(155 Pac. 1123.)

1.    **JUSTICES OF THE PEACE—Appeal—Dismissal—Deposit for Costs.** The county judge adopted a rule requiring all parties taking an appeal from the justice court to the county court to make a deposit of $5 for costs.   The appellant failed to make such deposit and its appeal was dismissed.   **Held,** error.

2.    **COURTS—Rule of Court—Validity—Dismissal of Appeal.** The county or district court has no authority to promulgate a rule requiring a party appealing a cause from the justice of the peace

court to make a deposit with the clerk of the appellate court to apply on costs accruing in said court, nor has the court any right or authority to dismiss the appeal upon a failure to comply with such rule.

(Syllabus by Mathews, C.)

*Error from County Court, Johnston County;*
*Charles S. Fenwick, Judge.*

Action by W. A. McAllister against the St. Louis & San Francisco Railroad Company. Judgment for plaintiff in justice court, and, defendant's appeal to the county court being dismissed, defendant brings error. Reversed and remanded, with directions.

*R. A. Kleinschmidt, Fred E. Suits, Newman & Lawrence,* and *W. T. Stratton,* for plaintiff in error.

*J. S. Ratcliff,* for defendant in error.

Opinion by MATHEWS, C. Parties will be designated as in the trial court. This action was begun in the justice of the peace court. Judgment there was for plaintiff, and the defendant appealed to the county court of Johnston county. This appeal was dismissed because no cash deposit for costs had been made as required by a rule of said county court.

It appears that the county judge of Johnston county had adopted a rule requiring all parties taking an appeal from the justice court to the county court to make a deposit of $5 for costs, and the right to enforce such a rule is the sole question presented on this appeal. The action of the court in dismissing defendant's appeal was error. Within the statutory time from the date of the judgment, the defendant filed an appeal bond in double the amount of the judgment and costs, and this bond was approved by the justice, and all statutory proceedings were had necessary to perfect the appeal.

The statute provides the procedure for taking appeals from the justice court. Section 5466, Rev. Laws 1910, provides for the giving of the appeal bond and specifies the conditions of the same; one of the conditions being that, if judgment be rendered against appellant, the surety on the bond will pay the costs incurred. Section 5467 states that the appeal shall be complete upon the filing and approval of the appeal bond. Section 5468 states that the clerk of the appellate court, on receiving the papers in the case from the justice court, shall forthwith file the same and docket the appeal. Section 5471 states that when any appeal shall be dismissed, or when judgment goes against the appellant, the surety shall be liable for the costs. It is quite apparent that it was the intention of these statutes to secure the payment of the costs in the appellate court by the appeal bond, and the court has no inherent or statutory authority to require a cash deposit for costs. This is no longer an open question in this jurisdiction, as this court has frequently decided that the county or district court has no authority to promulgate a rule requiring a party appealing a cause from the justice of the peace court to make a deposit with the clerk of the appellate court to apply on costs accruing in said court, nor has the court any right or authority to dismiss the appeal upon a failure to comply with such a rule. Of course courts have the inherent power, independent of any statutory provisions, to promulgate rules for the regulation of their practice and business; but they can make no enforceable rule that contravenes a statute or the law of the land. There has been provided a complete procedure for perfecting an appeal from the justice of the peace court, enumerating in detail the things necessary to be done, and we fail to find therein a requirement that

a deposit of cash for costs shall be made, and such a demand contravenes the statute and is unauthorized. *Goodwin et al. v. Bickford,* 20 Okla. 91, 93 Pac. 548, 129 Am. St. Rep. 729; *Nelson et al. v. Lollar,* 20 Okla. 291, 94 Pac. 176; *Holmes v. Oldfield,* 22 Okla. 552, 98 Pac. 341; *Stone v. Clogston,* 25 Okla. 162, 105 Pac. 642.

We recommend that the judgment be reversed, and the cause remanded, with instructions that the case be reinstated.

By the Court: It is so ordered.