## ANDERSON v. KINNEBREW MOTOR CO.

No. 29626.   Oct. 1, 1940.

*105 P. 2d 1066.*

J. Forrest McCutcheon, of Oklahoma City, for plaintiff in error.

Priest & Belisle, of Oklahoma City, for defendant in error.

PER CURIAM. The parties appear here in the same order as they did below and will be referred to in the same manner. This action was instituted in a justice of the peace court. Judgment in said court was in favor of the defendant, and the plaintiff appealed the cause to the court of common pleas of Oklahoma county. The court of common pleas had a rule which required defendants in all cases appealed to that court from justice of the peace courts to file an answer within 20 days after the appeal had been docketed in the appellate court. The defendant did not file an answer as required by said rule. The plaintiff moved to have the defendant adjudged in default and judgment entered in her favor for the aforesaid reason. This motion was overruled and denied and the cause tried de novo to a jury. The jury returned a verdict in favor of the defendant. Judgment followed the verdict. Motion for new trial was overruled, and plaintiff has perfected this appeal.

The plaintiff as grounds for the reversal of said judgment urges that the aforesaid rule was mandatory, and that therefore she was entitled to a judgment in her favor.

The authority of the court of common pleas of Oklahoma county to make and promulgate rules regulating procedure therein is conferred by section 14, chap. 72, S. L. 1933, and is limited to the making of rules, not inconsistent with the laws of this state and rules of this court, as may be necessary to conduct and facilitate the business of said court. The rule which the plaintiff seeks to invoke and upon which she bases her right to recover, in effect, attempted to change the provisions of the statute, section 1022, O. S. 1931, 39 Okla. St. Ann. § 243, and which provides that appeals taken from justice of peace courts shall be tried upon the pleadings had in the justice court except where the same are amended upon leave of court. We had occasion to consider a somewhat similar situation in the case of St. Louis, I. M. & S. Ry. Co. v. Leathers Bros., 36 Okla. 113, 128 P. 126, and therein said:

"It is a settled practice that a written answer is not necessary in a justice court, and that on appeal the case shall be tried upon the original papers upon which the issue was presented to the justice court, unless new pleadings are filed by leave of court. Section 6388, Comp. Laws 1909; Johnson v. Acme Harvesting Mach. Co., 24 Okla. 468, 103 P. 638."

This court has upon several occasions called attention to the fact that the courts may not hamper and limit appeals from justice courts by adding requirements not provided by law, and as said in St. Louis & S. F. Ry. Co. v. McAllister, 56 Okla. 244, 155 P. 1123:

"Of course, courts have the inherent power, independent of any statutory provisions, to promulgate rules for the regulation of their practice and business; but they can make no enforceable rule that contravenes a statute or the law of the land. There has been pro-

vided a complete procedure for perfecting an appeal from the justice of the peace court, enumerating in detail the things necessary to be done, and we fail to find therein a requirement that a deposit of cash for costs shall be made, and such a demand contravenes the statute and is unauthorized. Goodwin et al. v. Bickford, 20 Okla. 91, 93 P. 548, 129 Am. St. Rep. 729; Nelson et al. v. Lollar, 20 Okla. 291, 94 P. 176; Holmes v. Offield, 22 Okla. 552, 98 P. 341; Stone v. Clogston, 25 Okla. 162, 105 P. 642."

The contention of the plaintiff that the rule in question was binding and mandatory cannot be sustained. The trial court proceeded properly when it held that the cause was properly triable upon the issues which had been framed in the justice court. No error is presented.

Judgment affirmed.

RILEY, OSBORN, GIBSON, HURST, and DAVISON, JJ., concur.