LEWIS v. SINCLAIR PRAIRIE OIL CO. et al.

No. 30032.   June 10, 1941.

*114 P. 2d 462.*

Claud Briggs and John Morrison, both of Oklahoma City, for petitioner.

Edward H. Chandler, Summers Hardy, and W. H. McBrayer, all of Tulsa, and Mac Q. Williamson, Atty. Gen., for respondents.

PER CURIAM. This is an original proceeding in this court brought by William A. Lewis, hereinafter referred to as petitioner, to obtain a review of an order of the State Industrial Com-

mission which approved and adopted an order made by a trial commissioner discontinuing payments under a compensation award which had been previously made in favor of the petitioner and against Sinclair Prairie Oil Company, hereinafter referred to as respondent.

The essential facts will be briefly stated. On August 26, 1938, the State Industrial Commission awarded petitioner compensation at the rate of $18 per week for a period of 150 weeks on account of 30 per cent permanent loss of vision in both eyes. The award so made was one for a percentage of permanent total disability. The respondent permitted this award to become final and made payments thereunder for a period of approximately 93 weeks and then applied to the commission for authority to discontinue further payments on the ground that there had been a change in condition of the petitioner for the better. As the result of hearings held on the aforesaid application a trial commissioner, on July 8, 1940, entered an order based upon a finding that the petitioner at that time had no loss of vision in either eye and directed respondent to discontinue payments of any further compensation. The petitioner, on July 18, 1940, filed notice of appeal from said order to the State Industrial Commission sitting en banc. On August 16, 1940, the commission, without notice to either the petitioner or the respondent and without affording an opportunity to be heard on said appeal, entered an order wherein it approved and adopted the order which had theretofore been made by the trial commissioner.

The petitioner urges three grounds here why said order should be vacated, but we consider only one of said contentions, that is, the failure of the State Industrial Commission to hear the petitioner on his appeal. Thereunder the petitioner urges that he was denied a right given him by statute and precluded from having an orderly hearing, and therefore the order was invalid as a matter of law. This contention must be sustained for the reasons heretofore stated in Amerada Pet. Corp. v. Hester, 188 Okla. 394, 109 P. 2d 820. The contention of the respondent to the effect that petitioner was precluded by the rules of the State Industrial Commission from insisting upon a hearing of his appeal is untenable, it being well settled doctrine that the right of appeal provided by statute may not be hampered, delayed, impeded or defeated by any rule which contravenes the statute or imposes other and different requirements from those prescribed by statute. Anderson v. Kinnebrew Motor Co., 188 Okla. 50, 105 P. 2d 1066; St. Louis & S. F. R. Co. v. McAllister, 56 Okla. 244, 155 P. 1123.

The order under review being erroneous as a matter of law for the reasons hereinabove stated, we do not discuss the other contentions presented by the petitioner. The order of the commission en banc is vacated with directions to take such further proceedings as are consistent with the views herein expressed.

WELCH, C. J., CORN, V. C. J., and GIBSON, HURST, and ARNOLD, JJ., concur.