## DERR et al. v. WEAVER.

No. 24743. Dec. 19, 1933.

Rehearing Denied Feb. 6, 1934.

Jas. C. Cheek, Frank E. Lee, George F. Short, and Ray Teague, for petitioners.

Leo J. Williams and M. J. Parmenter, for respondents.

McNEILL, J. This is a proceeding to review an award of the State Industrial Commission under the Workmen's Compensation Law.

Respondent, an employee of H. B. Derr, petitioner, sustained an accidental personal injury on December 15 1930, arising out of and in the course of his employment with said petitioner. Respondent was carrying a box of dynamite caps. He stumbled, slipped, and dropped the caps in a nearby fire. An explosion resulted and foreign particles were blown in his face and right eye. As a result of this explosion his right eye was removed. Compensation was paid for the loss of the right eye. Thereafter respondent filed a motion to determine liability and extent of permanent disability to the left eye on November 10, 1932.

The Commission after a hearing found

on March 3, 1933, that the disability in respondent's left eye was not due to said injury, and denied respondent further compensation. On March 24, 1933, respondent filed a motion to vacate this order, calling the attention of the Commission to the fact that there were four doctors who testified in the case, two for petitioner and two for respondent; that these doctors found that there was a loss of 80 per cent. vision in the left eye; that the doctors testifying for petitioners were of the opinion that the loss of vision was not due to the injury, while, on the other hand, the two doctors testifying for respondent were of the opinion that said loss of vision was due to the accident and that there was no other reason for said loss of vision.

The Commission, without notice to either party, on March 29, 1933, after their attention had been called to the order and judgment made on March 3, 1933, by said motion of the respondent to vacate, set aside and hold said order and judgment for naught, vacated and set aside said. order of March 3, 1933, and set said cause on the docket at Oklahoma City for April 17, 1933, for further evidence by either party.

The matter came on for hearing on April 17, 1933, respondent and petitioners appearing. All the parties also appeared at subsequent hearings on April 21 and April 26, 1933, respectively. The Commission, pursuant to said hearings, on May 6, 1933, entered an award in favor of respondent. It made a finding that respondent on December 15, 1930, while an employee of petitioner, sustained an accidental personal injury, the nature and extent of said injury being to the eyes when dynamite caps exploded in respondent's face. The Commission recited in said award the vacation of its former order of March 3, 1933, wherein it had found that the disability, if any, to respondent's left eye was not due to said injury. The Commission also found that respondent had sustained a total loss of his right eye and 80 per cent. permanent loss of vision to the left eye by reason of said injury, and made an award for compensation in accordance with section 7290, as amended by the Session Laws of 1923, for permanent total disability. Compensation was awarded at the rate of $18 per week for a period of 450 weeks less 100 weeks previously paid respondent for loss of right eye.

Petitioner seeks to review this award and urges two propositions:

"1. That there is no competent evidence in the record which reasonably tends to support the Commission's findings that respondent has an 80 per cent. loss of vision in the left eye due to injury sustained on December 15, 1930.

"2. The order of the State Industrial Commission of March 3, 1933, became final and conclusive as to the rights of the parties hereto, and the Commission did not have jurisdiction to set aside said order for the following reasons, to wit:

"(a) That the application and motions were wholly insufficient, not in conformity with the laws of this state, and the rules prescribed by the Commission.

"(b) And without notice to or knowledge of the petitioners."

We discuss the merits. It is admitted that the injury to the right eye was a compensable injury. It appears that respondent, a colored employee, about 57 years of age, had been working for petitioner for about 30 years. Respondent had been examined by five different doctors. Their evidence is conflicting. There is competent evidence that the loss of vision to the left eye is 80 per cent. and that this loss of vision is permanent due to the accidental injury of December 15, 1930.

It appears to be the theory of the medical experts' testimony offered on behalf of petitioners that there was no pathological condition in the left eye that would account for the loss of vision to that eye. However, it does not seem to be disputed that there is a loss of vision. The history of respondent's case was that he had no trouble with his eyes prior to the accidental injury. The fact that respondent had no trouble with his eyes is a part of the history of his case. No attempt has been made by the expert medical testimony of petitioners to account for this loss of vision. The result of the medical expert testimony of petitioners seems to conclude that there is no pathology, and therefore respondent should be able to see. On the other hand, there is positive expert testimony on behalf of respondent that he is not a malingerer, and that his visual acuity to the left eye was 80 per cent. loss of vision. However, Dr. C. B. Barker, an eye, ear, nose, and throat specialist, testified that he found a little bead. After reading the X-rays he concluded that this was a foreign body at the outer upper angle of the orbit. He also testified as follows:

"Upon examination for deeper structures of his eye, I find a little dark spot which

resembles another foreign body, which is seen with considerable difficulty because it is located at the angle of the iris in the cornea. This dark spot placed upon a brown iris makes it difficult to absolutely state whether it is a foreign body or a pigment, but my conclusions were that it was a foreign body, that it is a foreign body I should say. * * *

"The loss of vision in this eye is due to the injury, it is due to the foreign body which entered it from the explosion. * * *

"They (foreign bodies) would not impair his vision from an obstructive impairment; in other words, a foreign body in the line of sight would be obstruction, it is the chemistry that happens, that causes all these losses of vision that the fluids of the eye act upon, it matters in obstruction where it is located. * * * Q. Then it is your position * * * that the loss of vision is due to the chemical reaction from the foreign bodies imbedded as you have described? A. Yes, sir."

Regardless of whether it is necessary to have pathology to determine whether a loss of vision results from an alleged injury to the eye, it appears from this record that Dr. Barker finds certain pathology existing in the eye, and that the disability was attributable to the original injury.

There is no merit to the second contention of the petitioners. Respondent was entitled to have the award of March 29, 1933, vacated and set aside. Petitioners had notice that the order vacating this award was made. The State Industrial Commission may vacate and set aside its orders within a period of 30 days from the sending by the Commission of a copy of the award or decision to the parties affected thereby. This jurisdiction is not defeated by the failure to give notice of the filing of petition to review said order. The Commission has the authority and jurisdiction, independent of any application to review, to vacate or modify any order made by it within said 30 day period. See Oklahoma Pipe Line Co. v. State Industrial Commission, 149 Okla. 162, 299 P. 180.

Award affirmed.

RILEY, C. J., and SWINDALL, ANDREWS, OSBORN, and WELCH, JJ., concur. CULLISON, V. C. J., and BAYLESS, and BUSBY, JJ., absent