## DERR et al. v. WEAVER et al.

No. 25682. July 9, 1935.

Rittenhouse, Webster & Rittenhouse, for petitioners.

Leo J. Williams and Major J. Parmenter, for respondents.

BAYLESS, J. This is an original action in this court by H. B. Derr, employer, and the Commercial Standard Insurance Company, insurance carrier, hereinafter called petitioners, to review an order of the State Industrial Commission dated June 15, 1934, allowing the claimant, Thomas Weaver, a lump sum of $900 to be deducted from the latter portion of an award in his favor.

The record discloses that claimant sustained an accidental personal injury arising out of and in the course of his employment on the 15th day of December, 1930, resulting at that time in a complete loss of his right eye and for which he was paid compensation for 100 weeks as provided by law. Thereafter the Commission made a further award allowing him $8,100 less the 100 weeks previously paid. The respondent and its insurance carrier appealed from this award but this court subsequently affirmed the same in the case of Derr et al. v. Weaver et al., 167 Okla. 314, 29 P. (2d) 97,

and compensation was paid in accordance with said affirmance up to and until the 15th day of June, 1934, at which time the claimant made application for a lump sum settlement. It is admitted that no written application was made for the lump sum settlement; nor was any notice thereof given respondent and insurance carrier, and the record does not disclose that any testimony was heard thereon. But, pursuant to an oral application, the Commission found that there was ample compensation yet due to allow the claimant $900, or 50 weeks' compensation at the rate of $18 per week, and therefore ordered that such payment be made and deducted from the latter portion of a 280 weeks' award theretofore entered in favor of claimant.

From this order, petitioners appeal and assign six assignments of error, which are so closely related that they may be treated under one proposition herein:

"That the State Industrial Commission was without jurisdiction and authority to render the order and award of June 15, 1934, directing and ordering the payment of $900 in a lump sum from the latter portion or tail end of the award theretofore granted without any notice to the petitioners herein, * * * of the application by the claimant and without any notice to petitioners herein of the date of hearing said application and without giving to these petitioners an opportunity to be heard upon said application and introduce evidence in opposition thereto."

The applicable portion of our statute which governs lump sum settlements is section 13365, O. S. 1931, which provides:

"* * * Compensation under the provisions of this act shall be payable periodically, in accordance with the method of payment of wages of the employee at the time of his injury, and shall be so provided for in any award; but the Commission may determine that all payment or payments may be made monthly or at any other period, as it may deem advisable. The Commission, whenever it shall so deem advisable, may commute such periodical payments to one or more lump sum payments, provided the same shall be in the interest of justice."

The claimant bases the authority of the Commission to make an order commuting an award of periodical payments to an award of a lump sum, without notice to the opposite party or hearing, upon the following cases; Asplund Const. Co. v. Williams, 150 Okla. 10, 300 P. 755; Manahan Drilling Co. v. Bazzel, 153 Okla. 23, 4 P. (2d) 745; and Livingston Oil Corp. v. Henson, 90 Okla. 76, 215 P. 1057. A reading of these cases

indicates that this has been our holding up to this time. The four opinions from the Supreme Court of the United States cited in the last above cited case gives an indication of the theory upon which we adopted this rule.

The petitioners assert that they have been denied due process of law by the action of the Commission made in this case, not in the sense of a lack of jurisdiction of the subject-matter or of the parties, but upon the question of orderly procedure. We do not understand from their argument or from the authorities cited by them that they contend the jurisdiction of the Commission had ceased in so far as this case is concerned when our mandate on the former appeal went down; but we do understand them to contend that any exercise of the power or authority of the Commission by which any material or substantial change is made in their rights or status, as established by the former award in this case, is violative of due process of law unless a procedure is adopted which affords them an opportunity to be heard and to defend.

A reading of the section of our statute above quoted, and a re-examination of the first of the cases in which we announced the above rule, lead us to the conclusion that the petitioners are correct in this contention.

A proper award of the State Industrial Commission, which has become final, is just as binding and effectual as the judgment of any court, and the power to modify or change the rights and status of the parties with relation thereto must be found in the statutes. See section 13305, supra.

The power to make changes in the method of payment is not unlimited, nor can it be exercised arbitrarily. These changes can only be ordered when the Commission deems them "advisable" and "in the interest of justice." In our opinion, this means that the Commission must exercise a discretion based upon advice—that is, information or evidence—and that this advice shall be such as is sufficient to show that the change sought will be in the furtherance of justice. These are matters which can only be determined upon evidence. Evidence ought not to be taken upon such a matter without an opportunity to one whose rights or status is to be changed thereby to oppose the same if he so desires.

The former decisions of this court upon this point seem primarily to decide the question of the necessity for the Commission to reacquire initial jurisdiction of the persons involved, and we adhere to that part of them which holds that the jurisdiction of the Commission is continuing, once it has attached, and that it may proceed with the determination of whether it will commute periodical payments to a lump sum payment without again having to serve upon the parties process such as is contemplated and required in the acquirement of initial jurisdiction. But, to say that because this administrative body has a continuing jurisdiction of the subject-matter and persons, it may proceed to change their status or rights without application, without notice, without hearing and without opportunity to defend, is carrying the matter too far.

It is unnecessary in this opinion to enter into a discussion of all of the elements of due process of law. But we will proceed to consider the one element of due process of law presented—that is, orderly procedure.

It is said in 12 C. J., sec. 956, on pages 1190-92:

"As applied to judicial proceedings, due process of law means * * * an orderly proceeding adapted to the nature of the case, in which the citizen has an opportunity to be heard, and to defend, enforce and protect his rights. * * *"

We have adopted and applied this definition in the following cases: Pryor v. Western Paving Co., 74 Okla. 308, 184 P. 88; Oklahoma G. & E. Co. v. Wilson & Co., 146 Okla. 272, 288 P. 316; and Hauschildt v. Collins, 152 Okla. 193, 4 P. (2d) 99.

When we are presented on appeal with a record which discloses that an award of the State Industrial Commission payable in periodical sums has become final and which shows, further, an order modifying this award made, (1) without formal application, (2) without notification of the hearing, (3) without an opportunity to the employer and insurance carrier to be heard, and (4) without any evidence having been taken or preserved, we cannot but hold that there has been a denial of due process of law, irrespective of what our holdings may have been in the past.

It has never been questioned that an appeal lies from an order of the Commission commuting periodical payments to a lump sum. How can we determine the questions which are presented to us on an appeal which involves the evidence when there is no record to show upon what the Commission acted?

We therefore specifically overrule the cases conflicting with the views expressed herein; and vacate the order commuting the periodical payments to a lump sum, and remand the matter to the State Industrial Commission, with directions to proceed in an orderly manner in keeping with due process of law as above defined to determine the issue of commutation.

McNEILL, C. J., OSBORN, V. C. J., and RILEY, BUSBY, WELCH, PHELPS, CORN, and GIBSON, JJ., concur.