**DERR et al. v. WEAVER et al.**

No. 26726.    May 12, 1936.

Rittenhouse, Webster & Rittenhouse, for petitioners.

Leo J. Williams and M. J. Parmenter, for claimant.

CORN, J.    This is an original proceeding in this court to review an order and award of the State Industrial Commission made on the 27th day of September, 1935, overruling the petitioners' motion to discontinue compensation based on the ground of a change of condition for the better. The parties will be referred to as they appeared before the commission.

Claimant, on the 15th day of December, 1930, received an accidental personal injury arising out of and in the course of his employment when some dynamite caps exploded in his face. His right eye was immediately removed, and he was paid compensation for the complete loss of this eye at the rate of $18 per week.

On November 10, 1932, he filed a motion to reopen his case alleging that he had suffered a change of condition for the worse in that his left eye had become affected by reason of the accident.

Testimony was heard, and on the 3rd day of March, 1933, the claimant's motion to reopen based on the ground of a change of condition for the worse was by the commis-

sion denied, and the claimant, on the 24th day of March, 1933, filed a motion to vacate said order offering to introduce proof in addition to that already in the record. On the 29th day of the same month and year the commission vacated said order and set the same for hearing, at which time further proof was offered, and at the conclusion of which, on the 6th day of May, 1933, the State Industrial Commission made its order finding that claimant had sustained a change of condition for the worse, and ordered the payment of compensation for a complete loss of vision in the right eye and 80 per cent. loss in the left eye, less any sum or sums theretofore paid for permanent disability.

The respondent and insurance carrier appealed to this court from said order, and on the 19th day of December, 1933, the same was affirmed. 167 Okla. 314, 29 P. (2d) 97. Pursuant to said affirmance and the mandate of this court, the petitioners herein paid compensation up to the 15th day of June, 1934, at which time the commission made its order granting the claimant a lump sum amounting to $900 to be paid from the last end of the award. An appeal was taken from this order, and on the 9th day of July, 1935, this court rendered an opinion wherein it held that the commission had no right to make a lump sum award without notice to the respondent and insurance carrier and without a hearing. 173 Okla. 140, 47 P. (2d) 573. On the same day that the commission entered its order on the mandate of this court, the respondent and insurance carrier filed their motion to reopen said cause, alleging in part as follows:

"Your respondent and insurance carrier further show to the commission that since the making of the award of May 6, 1933, at which time this commission found this claimant to have a total loss of vision in the right eye and an 80 per cent. loss of vision in the left eye, or a total loss of vision of 90 per cent. in both eyes, this claimant has had a change of condition in that this claimant now has normal or practically normal vision in the left eye."

The cause was then set for hearing and testimony was heard and at the conclusion of all the testimony the commission made its order on the 27th day of September, 1935, denying the motion to reopen on the ground of a change of condition for the better. It is from this last order of the commission that respondent and insurance carrier have appealed.

Respondent and insurance carrier raise only one question and that is that the evidence introduced at the hearing is not sufficient to support the order and that said order is contrary to the evidence introduced in said cause.

Petitioners filed their motion upon the authority and pursuant to the provisions of section 13362, O. S. 1931, which reads as follows:

"Upon its own motion or upon the application of any party in interest, on the ground of a change in conditions, the commission may at any time review any award, and, on such review, may make an award ending, diminishing or increasing the compensation previously awarded, subject to the maximum or minimum provided in this act, and shall state its conclusions of fact and rulings of law, and shall immediately send to the parties a copy of the award. No such review shall effect (sic) such award as regards any money already paid."

This court has held in a proceeding brought by the employer to end compensation based on the ground of a change of condition for the better in the case of Marland v. Forrester, 167 Okla. 140, 28 P. (2d) 542, that:

"Where an award of compensation has been made, and the employer thereafter seeks to discontinue payment thereof on the ground that disability on account of the injury has ceased, the presumption is that such disability continues, and the burden is upon the employer or insurance carrier to prove the contrary. Upon the introduction of competent testimony tending to rebut that presumption, a question of fact is presented which must be determined from the competent evidence, the burden of proof remaining on the moving party."

And this court also held in syllabus 1 of the case of Underwriters Land Co. v. Dirst, 152 Okla. 286, 4 P. (2d) 1015, as follows:

"Upon its own motion or upon the application of any party in interest, on the ground of a change in condition, the Industrial Commission may at any time review any award, and, upon such review, may make an award ending, diminishing, or increasing the compensation previously awarded. By the term 'change in condition' is meant a change in condition occurring after the previous award of the commission."

Where the employer and insurance carrier are seeking to be relieved of compensation payments under a final award of the commission, the burden of proof is on such employer and insurance carrier to prove by a preponderance of the evidence that not only has there been a change in condition for the better, but that such change has oc-

curred subsequent to the rendition of the original award.

They did produce several lay witnesses and also three eye doctors who testified to certain facts which would, standing alone and undenied or uncontradicted, indicate that this man's vision had either improved since the order of the commission dated May 6, 1933, or had not been lost in the first place, or, finally, that if he did have a loss the same was not due to the accident. The lay witnesses testified that they had noticed nothing which would indicate a serious loss of vision while observing him in and about Davis, Okla. The doctors also testified that they did not believe he had as much loss of vision as their tests indicated, and that if he did have a loss of vision it was not due to the accident.

The claimant, Thomas Weaver, testified:

"Q. So far as you can tell, since you testified in this case before, has that vision gotten better or worse? By Mr. Hanson: We object, that is a self-serving declaration and this witness is not qualified to testify. By the Court: He can tell about how he feels, overruled. A. I don't see any change to amount to anything. If anything, it is more cloudy. I don't see any change, that is the only thing, looks a little heavier, cloudier than it did at that time. Q. Objects look heavier and cloudier? A. Things looks heavier, I can't tell what it is, looking at a person off at a distance, something comes between the person and me. I can't see them."

In the present case, even petitioner's own medical evidence shows that the claimant's condition has not changed. It is true that they seem to be of the opinion that he is simulating the loss, but we are of the opinion that was a question for the determination of the Industrial Commission, and its conclusion in this regard should not and will not be disturbed by this court. The rule to be followed in this case is announced in syllabus 1 of the Southern Fuel Co. v. State Industrial Commission, 141 Okla. 127, 284 P. 35, as follows:

"Under the Workmen's Compensation Law of the state, where an application to reopen an award for compensation for an accidental injury is filed after the expiration of 30 days within which an action may be commenced in the Supreme Court, the only question presented is whether or not there has been a change in condition of the claimant since the making of the original award; and where the Industrial Commission refused to set aside the original award, and there is any competent evidence to support the refusal of the same, it will not be disturbed by this court."

We find there is ample competent evidence in the record to show that this man did not sustain a change of his condition for the better; therefore, the order and award of the State Industrial Commission is affirmed.

OSBORN, V. C. J., and BUSBY, PHELPS, and GIBSON, JJ., concur.