C. K. HOWARD & CO. et al. v. McKAY et al.

No. 30105. April 8, 1941.

*112 P. 2d 169.*

George F. Short, Welcome D. Pierson, Max G. Morgan, and John F. Reed, all of Oklahoma City, for petitioners.

Breck Moss and J. O. Moss, both of Oklahoma City, and Mac Q. Williamson, Atty. Gen., for respondents.

PER CURIAM. This is an original proceeding in this court brought by C. K. Howard & Company, hereinafter referred to as petitioner, and its insurance carrier to obtain a review of an order of the State Industrial Commission which approved and adopted an order made by a trial commissioner in favor of William S. McKay, hereinafter referred to as respondent.

The facts relevant to decision here will be briefly stated. On August 27, 1940, respondent filed with the State Industrial Commission employee's first notice of injury and claim for compensation, wherein he alleged that he had sustained a compensable injury as the result of lead poisoning while in the employ of the petitioner on or about July, 1940. The petitioner and its insurance carrier denied any and all liability and denied that the respondent had sustained an accidental injury arising out of and in the course of his employment, and alleged that if respondent had any disability, the same was due to causes other than an accidental injury. There-

after a trial commissioner conducted hearings to determine liability and extent of disability, and found, from the evidence adduced at such hearings, that the respondent had sustained an accidental personal injury in the course of and arising out of his employment, which injury consisted of lead poisoning, and that this had resulted in a temporary total disability, and on September 24, 1940, said trial commissioner made an award of compensation in accordance with said finding. The petitioner, on October 1, 1940, filed a notice of appeal to the Industrial Commission sitting en banc, and on October 7, 1940, the commission, without notice to either the petitioner or the respondent, and without affording any opportunity to be heard on said appeal, entered an order wherein it approved and adopted the award which had theretofore been made by the trial commissioner.

The petitioner urges two grounds for the vacation of said order and award, the first contention being that, since the State Industrial Commission refused to hear petitioner on its appeal, it thereby denied it a right prescribed by statute and precluded it from having an orderly hearing, and therefore rendered the order made an invalid one. The contention so made is sound and must be sustained for the reasons heretofore pointed out in the case of Amerada Petroleum Corp. v. Hester, 188 Okla. 394, 109 P. 2d 820. In said case attention was called to the fact that the right of appeal thus given is an absolute one and that a hearing thereon is mandatory. The contention of the respondent that petitioner was precluded by rules of the State Industrial Commission from insisting upon a hearing upon its appeal is untenable for the reason that the rule so adopted does not purport to be applicable to the order herein, since notice of appeal had already been given prior to the adoption of said rule on October 2, 1940. The validity of said rule is therefore not presented in this proceeding.

The order and award under review

being erroneous as a matter of law, and for the reasons hereinabove stated, we do not discuss the other contentions presented by the petitioner.

The order of the commission en banc is vacated, with directions to take such further proceedings as are consistent with the views herein expressed.

CORN, V.C.J., and OSBORN, BAYLESS, GIBSON, and HURST, JJ., concur.