**SPARTAN AIRCRAFT COMPANY, a Corporation, Petitioner,**

v.

**George Everett STOCKTON, and State Industrial Commission, Respondents.**

**No. 36033.**

Supreme Court of Oklahoma.

Jan. 25, 1955.

Covington & Donovan, Tulsa, for petitioner.

Koch & Woodliff, Henryetta, Mac Q. Williamson, Atty. Gen., for respondents.

DAVISON, Justice.

On June 7, 1950, George Everett Stockton, hereinafter called claimant, filed his first notice of injury and claim for compensation stating that on March 23, 1950, he sustained an accidental injury arising out of and in the course of his employment with the Spartan Aircraft Company. On December 11, 1951, an award was entered for

20 per cent permanent disability to the body as a whole. This award was paid and satisfied. Thereafter on October 24, 1952, claimant filed a motion to reopen on a change of condition. On April 8, 1953, following hearings conducted on the proceeding commenced by claimant October 24, 1952, an award was entered in which the State Industrial Commission found that by reason of a change in condition claimant had a 35 per cent disability to the body as a whole. Payments were ordered in accordance with the finding and award and this proceeding is brought by Spartan Aircraft Company, own risk, to review the award.

Claimant testified that on March 23, 1950, he was struck by a power line staple gun which fell from the line on which it was conducted and struck claimant across the back. An award was made for temporary disability and paid. The award for permanent disability for 20 per cent referred to above was made on the testimony of Dr. C., among others. In the hearing before the Commission preceding the present award, Dr. C. stated that he began treating claimant in May 1950 and treated him until December 11, 1951. He examined him on June 18, 1952, and again August 29, 1952. He read the report on examination and testified that in his opinion the degree of disability had increased since the date of the last award. He repeated on cross-examination what he had stated on chief that claimant had constantly grown worse since the date of the award. He testified that in his opinion claimant is now totally and permanently disabled.

■ The sole issue presented is that the finding of the State Industrial Commission is not supported by competent evidence. We must therefore determine if there is competent evidence to sustain the finding that after December 11, 1951, claimant sustained a change in condition by reason of accidental injuries and that by reason thereof he had at the time of the award 35 per cent disability. Indian Territory Illuminating Oil Co. v. State Industrial Commission, 185 Okl. 72, 90 P.2d 398; Derr v. Weaver, 177 Okl. 100, 57 P.2d 1153. As stated in Stanolind Pipe Line Co. v. Brewer, 185 Okl. 578, 95 P.2d 625, 626:

"The jurisdiction of the State Industrial Commission to grant an additional award on a change in condition of an injured employee is a continuing one and may be invoked whenever, as the result of an actual change in physical condition, which is attributable to the original injury and has occurred subsequent to the last prior order of the Commission, the employee suffers further impairment of a member, in case of specific injury, or a further decrease in ability to labor and perform work where the disability is one covered by the 'other cases' provision of the statute."

■ When the testimony of Dr. C. is considered we are of the opinion and hold that there is competent evidence of a change in condition. Petitioner cites Southern Drilling Co. v. Daley, 166 Okl. 33, 25 P.2d 1082, and Brown Bros. v. Parks, 176 Okl. 615, 56 P.2d 883. These cases are authority for the rule that where the record and the evidence shows that there has been no change in condition the State Industrial Commission has no authority to change a former award. Petitioner also cites Texas Co. v. Atkinson, 178 Okl. 480, 62 P.2d 1204. An examination of this case reveals that it is not in point and discusses an entirely different situation.

■ In the case under consideration Dr. C. treated claimant before December 11, 1951, and at all times thereafter. It is his positive testimony that the disability results from the accidental injury and has increased. He supported this testimony by the production of x-ray showing a change in the physical condition. We are bound to accept his testimony thereof as the Commission chose to believe it. Standard Roofing & Material Co. v. Mosley, 176 Okl. 517, 56 P.2d 847. The award is supported by competent evidence.

Award sustained.