Jack C. NELSON, Petitioner,

v.

CENTRAL STATE ROOFING COMPANY, Mid-Continent Casualty Company, and State Industrial Commission, Respondents.

No. 38503.

Supreme Court of Oklahoma.

Oct. 20, 1959.

claim for compensation against his employer, Central State Roofing Company, and its insurance carrier Mid-Continent Casualty Company, hereinafter referred to as respondents, stating that on April 25, 1958, while in the employ of respondent, Central State Roofing Company, he sustained an accidental injury consisting of an injured shoulder, back, right leg and head; that the accident occurred when he slipped on insulation and fell about fifteen feet to the floor causing some permanent disability to his person.

At the hearing before a trial judge it was stipulated that claimant, while in the employ of Central State Roofing, on or about April 25, 1958, sustained an accidental injury arising out of and in the course of his hazardous employment with his employer, Central State Roofing Company; that medical attention was furnished him by his employer and that he was paid temporary total compensation up to August 12, 1958, in the sum of $455; that the only issue presented to the trial judge was the question as to the extent of permanent partial disability sustained by claimant. The trial judge, at the close of the evidence, made the following findings:

> "That claimant sustained an accidental personal injury arising out of and in the course of his hazardous employment with the above named re-respondent, within the terms and meaning of the Workmen's Compensation Law, on April 25, 1958, consisting of an injury to his head, back and right leg.

\* \* \* \* \* \*

> "That as a result of said injury, claimant has sustained 12.5 per cent permanent partial disability to his body as a whole, for which disability claimant is entitled to compensation for 62.5 weeks at $30.00 per week, or the total amount of $1875.00 of which 10 weeks have accrued to October 24, 1958, and shall be paid in a lump sum of $300.00, balance of award to be paid

Paul Pugh, Oklahoma City, Al Pugh, Oklahoma City, on the brief, for petitioner.

Grady H. Holloway, Oklahoma City, Mac Q. Williamson, Atty. Gen., for respondents.

BLACKBIRD, Justice.

On May 16, 1958, Jack C. Nelson, hereinafter referred to as claimant, filed a

at the. rate of $30.00 per week from October 24, 1958."

The trial judge upon such findings entered an award in favor of claimant in said sum. This award was entered on October 22, 1958. Thereafter, and on October 31, 1958, the trial judge, without notice to claimant and without an opportunity afforded him to be heard, entered a corrected order in which order the Commission found that as a result of his injury claimant sustained a 12.5 per cent permanent partial disability to his right arm and awarded him compensation for such injury in the amount of $937.50.

Claimant brings the case here to review this corrected award and in his first proposition contends that he has not received a copy of such corrected award from the State Industrial Commission and the ten day period allowed by statute to appeal from the order of the trial judge to the entire Commission had expired and by reason thereof he was denied his right of appeal.

Title 85 O.S.1951 § 77, grants any party aggrieved, by an order or award of the trial judge, the right to appeal from such order or award within ten days after the rendition of such order or award upon filing with the secretary notice of appeal.

Rule 14 of the State Industrial Commission provides:

"Appeal to the Commission en banc from orders of the Trial Judges may be taken by filing a written Notice of Appeal with all specifications of errors of law and facts designated therein, within ten (10) days from the date of the entry and mailing of the order appealed from. * * *"

Claimant contends that the trial judge entered his corrected award without notice to him and without affording him an opportunity to be heard and that he was therefore denied due process of law and that the corrected order is void and should be vacated. In support of such contention claimant relies to a great extent upon Kiespert v. Jenkins, Okl., 324 P.2d 283,

and Derr v. Weaver, 173 Okl. 140, 47 P. 2d 573. In Kiespert v. Jenkins, supra [324 P.2d 283], we held:

"The vacation of an order entered on joint petition settlement by the Commission, without notice to the employer and without affording him an opportunity to be heard, amounts to a denial of due process of law and is void."

In Derr v. Weaver, supra, we held that the order of the Commission commuting periodical compensation payments into a lump sum without notice to the parties affected thereby and without giving them an opportunity to be heard amounts to a denial of due process of law and is void.

Respondents in support of the corrected award refer to and rely upon McQuiston v. Tyler, 186 Okl. 315, 97 P.2d 552, 555. In that case the State Industrial Commission entered an order nunc pro tunc reciting that an earlier order denying compensation had been vacated and set aside. Through oversight or inadvertence such order was not placed of record. Upon proper application the Commission entered a nunc pro tunc order directing entry of the order vacating the order denying compensation as of the date the original award was entered. The record was silent as to whether notice of application for the order nunc pro tunc was served upon the employer or whether a hearing was had upon the application. In denying the contention that the order nunc pro tunc was void this court said:

"Petitioners did not make a direct attack on the order nunc pro tunc by application to vacate and set the same aside for the reason that no notice was served upon petitioners and no hearing was had thereon. Instead petitioners instituted this action upon the record which fails to show whether or not notice was given or a hearing was had. In the absence of such a showing before the Commission we may not presume that such notice was not given and that such hearing was

not had, but the presumption of regularity hereinabove referred to obtains and we must presume that such notice was given and that such hearing was had."

However, we have also held that orderly hearing is essential to an award and notice thereof and an opportunity to be heard is jurisdictional. Amerada Petroleum Corp. v. Hester, 188 Okl. 394, 109 P.2d 820; Pioneer Mills Co. v. Webster, 186 Okl. 616, 99 P.2d 507.

In Special Indemnity Fund v. Quinalty, 201 Okl. 204, 203 P.2d 713, and Special Indemnity Fund v. Hunt, 200 Okl. 1, 190 P.2d 795, 797, we held:

"Industrial Commission, being an administrative fact-finding board with certain judicial powers, is a quasi-judicial body, but, unlike courts of record, it must not only determine its jurisdiction but must show the existence of its jurisdiction of record."

In Special Indemnity Fund v. Prewitt, 201 Okl. 308, 205 P.2d 306, 309, this court, in the body of the opinion, said:

"* * * The Industrial Commission is an administrative board possessing only such powers as are conferred by law. Though its principal function is fact finding, it has been clothed with certain judicial authority. The power exercised in any instance must be shown to exist and the Commission must show by its findings that the power exercised does in fact exist. As to its jurisdiction or power, no presumptions will be indulged except those provided by the Workmen's Compensation Law, 85 O.S.1941, § 1 et seq. Unlike a court, no disputed question of fact relating to the power or authority of an administrative board, though quasi judicial, may be presumed to have been determined in accordance with the power exercised. The Industrial Commission must, therefore, determine and make findings of the facts necessary to show that the power it exercised did exist.

7 R.C.L. 997; Osage Oil & Refining Co. v. Interstate Pipe Co., 124 Okl. 7, 253 P. 66. * * *"

In Shires v. Reynolds, 203 Okl. 573, 224 P.2d 580, we held:

"Orders of an administrative board in the performance of quasi-judicial functions will be declared invalid unless its jurisdiction affirmatively appears."

The jurisdiction of the trial judge in this case to enter his corrected order does not affirmatively appear.

Respondents in their brief state that the only issue which could be presented to the State Industrial Commission is before this court and a remand of the cause to the State Industrial Commission is unnecessary; that the interest of justice and the avoidance of multiplicity of appeal require final disposition of this matter in the present proceeding. We do not agree.

The real question before us on this appeal is a jurisdictional question as to whether the trial judge had jurisdiction to enter his corrected order without notice to claimant and affording him an opportunity to be heard.

The medical evidence is in conflict as to the disability sustained by claimant as a result of his injury. If the trial judge thought it necessary to correct his prior award he should have required notice to claimant and afforded him an opportunity to be heard before entering such corrected award.

Under the authorities above mentioned if the trial judge, or the Commission, deems it necessary to vacate, modify or in any manner change an award notice should be given to the parties affected and afford them an opportunity to be heard.

We conclude under the record in this case the trial judge was without jurisdiction to enter his corrected award.

Corrected award vacated and the cause remanded to the State Industrial Commission for further proceedings in accordance with the views herein expressed.