Ora Helen JONES, Petitioner,

v.

TROUP–MOORE & HALL DRILLING COMPANY, Liberty Mutual Insurance Company, and The State Industrial Court of the State of Oklahoma, Respondent.

No. 39172.

Supreme Court of Oklahoma.

Feb. 14, 1961.

**578**

James E. Driscoll, Seminole, for petitioner.

Rhodes, Crowe, Hieronymus & Holloway, by William H. Wilson, Oklahoma City, for respondents.

JACKSON, Justice.

This proceeding is brought by Ora Helen Jones, as claimant, to obtain review of proceedings of the State Industrial Court resulting in the denial of an award for death benefits. The sole contention made by claimant is that she was denied a full and complete hearing on her claim, by reason of the failure of the State Industrial Court en banc to act on claimant's motion to vacate its order denying an award and remand the case for further hearing.

The pertinent facts are, as follows:

Claimant's husband, an employee of respondent, died of a heart attack on November 4, 1958, and the claim for death benefits was filed by claimant on February 3, 1959. Thereafter, claimant's attorney served notice to take depositions in Oklahoma City on May 16, 1959, of certain employees of the Department of Labor of the State of Oklahoma, relative to the nature and extent of stress, strain, tension and exertion experienced by employees of the oil field industry. The taking of said depositions was postponed by agreement of counsel, and they were never taken.

The claim was heard by the trial court on May 21, 1959, at which hearing claimant introduced the depositions of three physicians and three lay witnesses, in addition to claimant's testimony and certain documentary evidence.

At the conclusion of claimant's case in chief, respondent was allowed time in which to present the testimony of a heart specialist, and claimant rested her case, subject to the right to cross-examine respondent's physician.

After the filing in the case of the deposition of respondent's physician, including cross-examination by claimant's attorney, claimant's attorney, by a letter to the trial judge dated July 6, 1959, submitted the case for decision. Respondent submitted its case by a letter to the trial court dated July 1, 1959.

On July 17, 1959, the trial court entered its order denying an award, from which claimant appealed to the State Industrial Court en banc under date of July 24, 1959, on the sole ground that the order was contrary to the law and evidence.

On April 18, 1960, after a hearing before the State Industrial Court en banc, the case was submitted on briefs, and on May 13, 1960, the State Industrial Court entered its order affirming the order of the trial court denying an award.

On May 23, 1960, claimant filed a motion to vacate the order of the State Industrial Court en banc and to remand the case to the trial judge for the purpose of permitting claimant to introduce "newly-discovered evidence". On May 27, 1960, claimant filed an amended motion to vacate with attached affidavit by claimant's attorney to the effect that if the depositions which claimant started to take on May 16, 1959, had been taken and presented to the court the decision would probably have been favorable to claimant.

The State Industrial Court did not act on claimant's original and amended motions to vacate its order on appeal and remand the case for further hearing.

█ The State Industrial Court has jurisdiction over its orders for a period of twenty days after a copy thereof has been sent to the parties affected, and during such period may vacate or refuse to vacate any order, and its action in such matter will not be disturbed by this court on review in the absence of a clear abuse of discretion. Magnolia Petroleum Co. v. Mitchell et al., 181 Okl. 48, 72 P.2d 502; 85 O.S.Supp. 1955 § 29.

█ The question presented for our determination, therefore, is whether the State Industrial Court abused its discretion in failing or refusing to vacate its order on

appeal and remand the case to the trial judge for further hearing.

It is clearly shown by claimant's original and amended motions to vacate and remand, and by claimant's brief, that the additional evidence sought to be offered by claimant consisted of the testimony of witnesses whose identity and whereabouts were known to claimant prior to the hearing of the claim by the trial court on May 21, 1959, and that claimant served notice to take the depositions of said witnesses on May 16, 1959, but voluntarily failed to take same.

No application for a continuance was made to the trial court to permit the claimant to obtain the additional testimony, nor was the State Industrial Court apprised of claimant's desire to offer additional evidence until after its final order on appeal was entered, affirming the order of the trial court.

We are of the opinion that our holding in the case of Magnolia Petroleum Co. v. Mitchell, 181 Okl. 48, 72 P.2d 502, is applicable to the instant case. Therein, several hearings were conducted by the trial commissioner at which no evidence was introduced by petitioner and no request made for an opportunity to introduce any evidence. After an award was entered by the trial commissioner, petitioner filed a motion to vacate same before the commission en banc, asserting that, if permitted to do so, petitioner would introduce evidence which it believed would change the opinion of the commission. No action was taken on the motion.

We held that the commission did not abuse its discretion in failing or refusing to vacate the award and remand the case for further hearing.

In the instant case, it clearly appears from claimant's motion and brief that claimant could have, with due diligence, obtained and presented the additional testimony prior to submitting the case for final decision. It further appears that the additional evidence sought to be introduced by claimant was cumulative in nature. Wm.

A. Smith Construction Co. v. Price, 178 Okl. 423, 63 P.2d 108.

We conclude and hold that there was no failure to afford claimant an opportunity to have a full and complete hearing, and therefore, the State Industrial Court did not abuse its discretion in failing to vacate its order on appeal. Magnolia Petroleum Co. v. Mitchell, supra; Barnsdall Refining Corp. v. Locker, 182 Okl. 318, 77 P.2d 749.

Order sustained.

WILLIAMS, C. J., BLACKBIRD, V. C. J., and DAVISON, HALLEY, JOHNSON, IRWIN and BERRY, JJ., concur.