Oliver Lee McMINN, Petitioner,

v.

STATE INDUSTRIAL COURT, and Standard Magnesium Corp., Own Risk, Respondents.

No. 39514.

Supreme Court of Oklahoma.

Dec. 12, 1961.

Geo. P. Striplin and Vural L. Gilley, Tulsa, for petitioner.

Houston, Klein & Davidson, Tulsa, for respondent.

WELCH, Justice.

In the instant proceeding for review, lodged here directly from the decision of the trial judge, claimant challenges, as contrary to law and violative of due process, an order denying him compensation for failure "to cooperate" with the examining physician.

The record discloses two hearings were held in the case; the first occurred on May 17, and the second on September 12, 1960. On both occasions the sole issue raised by

the evidence was the extent of claimant's permanent disability, if any, resulting from his accidental injury to the back. Four days after the second hearing the trial judge ordered claimant's submission to a re-examination by Dr. R, a physician engaged by the employer to render an evaluation of compensable disability. By letter of October 5th, directed to the trial judge, employer's counsel complained of claimant's refusal to fully cooperate with the examining physician and requested that the claim be denied under the provisions of 85 O.S.Supp. § 25. Attached to this letter was a report of Dr. R, dated September 30, 1960, which states, in pertinent part, as follows:

"When he (claimant) came to the office he was uncooperative and would not give any information to my receptionist and when directed to undress for examination he refused to do so. Because of this lack of cooperation I am not at this point able to give you a current status evaluation."

In a verified response, filed on October 11, claimant objected to Dr. R's report as hearsay, and challenged the verity of its contents. Appended to the response were several letters between counsel, and two affidavits; one of the affidavits was executed by claimant, and the other by a person who, on the occasion in question, accompanied him to Dr. R's office. Both affidavits denied the correctness of events outlined by Dr. R and described the incident in a substantially different version.

On October 17, 1960, the trial judge transmitted a letter to both counsel, noting the contents of the complaint and the response thereto. He advised the parties that "the case will stand in abeyance" until claimant's full compliance with the order to report for medical examination.

In a subsequent letter, addressed to the trial judge on December 27, 1960, employer's counsel again complained of claimant's deportment at an office examination on December 21. Dr. R's report of this examination (which was attached to the letter of counsel) concludes: "This patient's attitude is one totally evasive and uncooperative. The examination to any satisfactory degree was impossible". In the mentioned letter, counsel for the employer did not request any action to be taken against claimant, but merely stated that "the respondent (employer) * * * wishes to advise the Court that we have no desire to prolong this claim and would appreciate any suggestions by the Court that would expedite this claim".

On January 5, 1961, the trial judge, without any prior notice to the parties or further proceedings in the cause, entered an order denying the claim based on his finding that "claimant has refused to submit to examination by respondent's (employer's) doctor pursuant to order of the Court, and has refused to cooperate on two occasions when he did report to * * * Dr. R".

While other propositions are argued, the sole and decisive point at issue is the validity of the last mentioned order, as a matter of law.

■ Aside from other errors to be discussed later in this opinion, we note at the outset that the order of January 5, 1961, purports to effect a final disposition of the claim by an absolute denial of compensation. This action of the trial judge appears clearly unauthorized and contrary to statute, 85 O.S.1955 Supp. § 25, which provides, so far as pertinent, as follows:

"An employee injured claiming or entitled to compensation under this Act, shall, if requested by the Commission, submit himself for medical examination at a time and from time to time, at place reasonably convenient for the employee, and as may be provided by the rules of the Commission. * * * *If an employee refuses to submit himself to examination, his right to prosecute any proceeding under this Act shall be suspended, and no compensation shall be payable for the period of such refusal.* * * *"* (Emphasis ours.)

Under the plain terms of the quoted enactment, a workman's refusal to submit

himself to a medical examination ordered by the trial tribunal does not operate to absolutely *defeat or forfeit* his right to benefits, but merely empowers the State Industrial Court to *suspend* the proceeding upon the claim and *to absolve* the employer from liability to pay compensation for the period of such refusal. A final order denying the claim for failure to report for a medical examination directed by the trial tribunal is therefore unauthorized by, and contrary to, the provisions of 85 O.S.1955 Supp. § 25.

When tendered in a manner recognized by proper procedure, an application charging a workman with refusal to submit to an examination directed by the trial tribunal, injects into the case an entirely new issue which may effect a material change in the correlative rights, status and obligations of the parties. Because of its substantial nature, the question obviously necessitates an orderly determination, on due notice to the adversary parties, with an opportunity afforded each of them to be fully heard. Such requirements, being the essential elements of due process, must be met before the trial tribunal may proceed to validly adjudicate or alter any substantial rights arising under the Workmen's Compensation Act. Nelson v. Central State Roofing Company, Okl., 345 P.2d 866, 868; Sanitary Land Fill Company v. Pearson, Okl., 330 P.2d 576, 578; Kiespert v. Jenkins, Okl., 324 P.2d 283; Derr v. Weaver, 173 Okl. 140, 47 P.2d 573, 575; see also, City of Tulsa v. Bingham, Okl., 324 P.2d 854.

As reflected by the record in the cause at bar, the trial judge proceeded to act, and entered his order, solely upon an informal communication from employer's counsel who did not even ask for any particular relief, but merely sought advice concerning further action in "expediting" the claim. There was no notice to the parties setting the letter-complaint for a hearing, and no proceedings of any nature were conducted prior to the entry of the challenged order. The issue, if sufficiently tendered by employer's letter-complaint, required an orderly determination which could be made only after affording claimant a full and complete hearing upon the subject-matter of inquiry.

We are constrained to hold that in this posture of the record claimant was deprived of an opportunity to defend against employer's complaint, and was denied due process of law. Amerada Petroleum Corporation v. Hester, 188 · Okl. 394, 109 P.2d 820; Pioneer Mills Co. v. Webster, 186 Okl. 616, 99 P.2d 507; Hauschildt v. Collins, 152 Okl. 193, 4 P.2d 99, 101.

Order denying the claim is accordingly vacated and cause remanded for further proceedings not inconsistent with the views herein expressed.

BLACKBIRD, V. C. J., and DAVISON, HALLEY, JOHNSON, JACKSON, IRWIN and BERRY, JJ., concur.