SEARS, ROEBUCK & COMPANY, a New York Corporation, Petitioner in Error,

v.

Steve F. HELLER, The State Industrial Court of Oklahoma, Silas C. Wolf, Trial Judge, and The Special Indemnity Fund of the State of Oklahoma, Administered through the State Insurance Fund, Respondents in Error.

No. 40409.

Supreme Court of Oklahoma.
June 9, 1964.

Rehearing Denied Jan. 26, 1965.

As Corrected Jan. 26, and Feb. 9, 1965.

William H. Henderson, Oklahoma City, for petitioner in error.

Dick Bell, Seminole, for respondent in error.

DAVISON, Justice.

This is an original proceeding by Sears, Roebuck & Company to review an order of a trial judge of the State Industrial Court entered December 13, 1962, vacating and setting aside a previous order made and entered by said trial judge on November 20, 1962, and mailed to claimant on November 27, 1962.

On December 23, 1960, Steve F. Heller, claimant, sustained an accidental injury arising out of and in the course of his employment with Sears, Roebuck & Company. He was intermittently paid compensation for temporary total disability and furnished medical treatment, care and hospitalization from the date of the injury through February 22, 1961. On January 10, 1962, he filed his first notice of injury and claim for compensation with the State Industrial Court.

The claim was set for hearing in Oklahoma City on November 20, 1962, and claimant (personally) was given notice of the date of the hearing by registered mail. No one else on behalf of claimant was notified of the date or place of the hearing. Claimant failed to appear for the hearing, whereupon the trial judge adjudged him to be in default and proceeded to hear respondent's evidence in claimant's absence. As a result of said hearing the trial judge entered an order finding claimant had sustained no permanent partial disability due to the industrial accident and his claim was denied. The order was filed on November 27, 1962, and a copy of the order was mailed to claimant on November 27, 1962.

On December 10, 1962, a telegram was sent by the attorney who now appears for the claimant, and received by the Industrial Court, the purpose of which had the intent to appeal from the trial judge's order entered November 27, 1962, to the court en banc. Apparently the attorney abandoned any right he might have had to appeal to the court en banc, for on December 12, 1962, claimant, through his attorney, filed with the State Industrial Court his "Motion to vacate default judgment."

It is presumed that the Industrial Court assigned the "Motion to Vacate" the default judgment to the trial judge who had made and entered the default judgment of November 27th. On December 13, 1962, (being within 20 days from the time the original order was mailed to claimant), the same trial judge made and entered an order sustaining claimant's motion to vacate the default judgment. The order recites that it was "pursuant to special assignment."

The "Motion to Vacate Default Judgment" was mailed to, and received by, the Secretary of the Industrial Court on December 12, 1962, pursuant to Rule 3, or paragraph numbered "3" of the State Industrial Court Rules, promulgated in 1960. The trial judge acting "pursuant to special assignment" was acting for and on behalf of the Industrial Court and was exercising that court's power to vacate a default judgment. In 85 O.S.1961, § 75 (as that section was amended in 1959), it is provided in part:

> "Any * * * hearing, which the court is authorized to hold or undertake, may be held * * * by or before any judge and the award, decision or order of a judge shall be deemed to be the award, decision or order of the court, unless appealed from as provided by law. * * *"

This court has long adhered to the rule that the State Industrial Court has jurisdiction to review its award of decisions upon its own motion or upon the application of any party affected and to vacate and set aside an award or decision at any

time within thirty days (now 20 days) after a copy of such award or decision has been sent by said court to the parties affected. 85 O.S.1961, § 29; Elk City Cotton Oil Co. v. Lunsford, 179 Okl. 38, 64 P.2d 858; Oklahoma Pipe Line Co. v. State Industrial Commission, 149 Okl. 162, 299 P. 180; Derr v. Weaver, 167 Okl. 314, 29 P.2d 97; Byrne Doors, Inc. v. State Industrial Commission, 193 Okl. 541, 145 P.2d 754; Owens v. Mc-Callum & Forber, 186 Okl. 305, 97 P.2d 754; Reid v. Conklin, Okl., 354 P.2d 456; Whittett v. Payne, Okl., 367 P.2d 718; and Jones v. Troup-Moore & Hall Drilling Co., Okl., 359 P.2d 577.

For reversal of the order vacating the default judgment petitioner contends:

"* * * that the order of the Trial Judge of December 13, 1962, purporting to vacate the judgment entered November 20, 1962, is void by reason of the failure to give the Petitioner in Error notice and to provide him an opportunity to be heard, and that the judgment entered November 20, 1962, is final, the same being unappealed from either to the Court en banc in 10 days or to this Court in 20 days as required by law."

It is further said:

"The trial judge is without jurisdiction to enter an order vacating a prior order without first giving effected parties notice and opportunity to be heard."

Under the "special assignment" above noted, and 85 O.S.1961, § 75, supra, it is to be observed that it was the Industrial Court (and not the trial judge) that vacated the default judgment without first giving notice to the employer. Under cases heretofore cited the Industrial Court had unquestioned jurisdiction to vacate its default judgment within 20 days after a copy of said order or judgment had been sent to the parties effected. Thus the sole question remaining is whether the order vacating the default judgment, without notice to

the employer, results in a failure of due process of law.

Claimant invites our attention to Oklahoma Pipe Line Co. v. State Industrial Commission, supra, and Derr v. Weaver, supra, and other cases, which hold generally that the *jurisdiction* of the Industrial Court to review and vacate an award within 20 days is not defeated by failure to give notice filing petition for review. Employer herein invites our attention to Admiralty Lead & Zinc Co. v. Robinson, 156 Okl. 4, 9 P.2d 708; City of Guthrie v. Standley, 151 Okl. 72, 1 P.2d 678; and Macklanburg-Duncan Co. v. Wimmer, Okl., 280 P.2d 1001, wherein it was held generally that an *award* made without notice and hearing would be vacated.

■■■■ We are of the view that a default judgment denying an award may be vacated without notice by the Industrial Court within twenty days after the order or judgment has been sent to the parties without doing violence to Constitutional due process. During that twenty day period the judgment or order has not become final and the jurisdiction of the Industrial Court continues. Jones v. Troup-Moore & Hall Drilling Co., Okl., 359 P.2d 577. When a default judgment or order is vacated the parties are remitted back to such rights and remedies as they formerly had, the same as though the order or judgment vacated had not been made in the first instance. Thus the party whose default judgment has been vacated is not deprived of his day in court on the merits of his claim, and it may be said that one who obtains a default judgment is charged with notice that the judgment is merely conditional in the sense that it will not become final and absolute until the time within which it may be vacated has expired.

In regard to a district court's control over its orders and judgment during the term at which made, we held in the second paragraph of the syllabus in Todd v. Orr, 44 Okl. 459, 145 P. 393, as follows:

"A court of general jurisdiction has control over orders or judgments dur-

ing the term at which made, and for sufficient cause may modify or set them aside at that term, and, when so set aside, the parties are remitted back to such rights and remedies as they formerly had, the same as though the order or judgment vacated had not been made in the first instance."

In the third paragraph of the syllabus therein we held:

"The power to correct errors in their own proceedings is inherent in all courts of general jurisdiction, and in the exercise of that discretion they are governed, not alone by their solicitude for the rights of litigants, but also by the consideration of justice to themselves as instruments provided for the impartial administration of the law."

In Arias v. Springer, 42 N.M. 350, 78 P.2d 153, it was held that a district court has authority (within term time) to set aside its own judgment on its own motion, without notice to either party. We have found no statutory law in this jurisdiction which impairs the jurisdiction of the Industrial Court to exercise similar powers during the twenty day period above noted.

While we do not intend to encourage the practice of vacating default judgments without notice during the twenty day period aforesaid, we are of the view that the employer has not been deprived of due process of law under the facts presented in this case. The default judgment was vacated before it became final and vested, and the employer will have a full opportunity to present its case to the Industrial Court on its merits.

The cause is therefore remanded to the Industrial Court for further proceedings.

BLACKBIRD, C. J., HALLEY, V. C. J., and JOHNSON and JACKSON, JJ., concur.