The B. F. GOODRICH COMPANY, a Corporation, Petitioner,

v.

STATE INDUSTRIAL COURT and Joe M. Craven, Respondents.

No. 42130.

Supreme Court of Oklahoma.

March 21, 1967.

As Amended June 5, 1967.

Rehearing Denied June 6, 1967.

John R. Wallace, Ben T. Owens, Melvin H. Landers, Robert S. Gee, and R. Bruce Carter, Miami, for petitioner.

Joseph E. Mountford, Miami, Charles Nesbitt, Atty. Gen., for respondents.

BLACKBIRD, Justice:

There is involved here an original proceeding seeking the review of an order and award of the State Industrial Court allowing benefits to respondent Joe M. Craven, claimant below, under the Workmen's Compensation Act. Parties will be referred to as they appeared before the Industrial Court.

Claimant, Joe M. Craven, filed his Form 3 in the State Industrial Court on May 3, 1965, alleging that on March 4, 1964, while working for respondent, B. F. Goodrich Company, at a hazardous occupation as defined by the Workmen's Compensation Act, he sustained injuries to his right arm.

A hearing was had on the claim and on May 25, 1965, the trial judge entered an award allowing the claimant twenty per cent permanent partial disability to his right arm. Claimant appealed to the Industrial Court sitting en banc. On September 16, 1965, the Industrial Court sitting en banc vacated the award of the trial judge.

The case was retried, and on December 22, 1965, the trial judge entered an award allowing the claimant forty per cent permanent partial disability to the right arm. Respondent appealed to the Industrial Court sitting en banc. On January 26, 1966, the Industrial Court sitting en banc held that the medical evidence did not support a disability greater than twenty per cent to the arm and entered an award allowing the claimant a disability of twenty per cent to the right arm.

Claimant on February 1, 1966, filed a motion to vacate the award of the State Industrial Court sitting en banc entered on January 26, 1966. No copy of the motion was served on the respondent. On the following day, February 2, 1966, the Industrial

Court, sitting en banc without notice to the respondent, and without affording respondent an opportunity to be heard, entered an order sustaining the motion of the claimant and vacating its prior order entered on January 26, 1966, and also the award of the trial judge entered on December 22, 1965.

Respondent on February 4, 1966, filed a motion to vacate the order entered by the court on February 2, 1966, with service of the motion on opposing counsel contending that the order was entered without notice to it or affording it an opportunity to respond or be heard. Apparently respondent's motion was never considered by the court or any ruling made thereon.

The case was set for hearing on March 17, 1966. Respondent objected to any further proceedings in the case contending that the order entered by the court on February 2, 1966, was a nullity and was entered without notice to respondent and without affording it an opportunity to be heard, therefore the court had no authority to proceed further in the case. The trial judge overruled respondent's objections and proceeded with a retrial of the case.

The trial judge on May 19, 1966, entered an award in favor of the claimant for thirty per cent permanent partial disability to the right arm. Respondent appealed to the Industrial Court en banc. The Industrial Court sitting en banc on July 8, 1966, affirmed the award of the trial judge. This appeal is from said order.

The principal contention of petitioner (respondent below) is that the order entered by the Industrial Court on February 2, 1966, is null and void and therefore all proceedings occurring thereafter are a nullity.

The order of February 2, 1966, was entered by the State Industrial Court in sustaining the motion of the claimant after it had previously entered an order sitting en banc, modifying and approving the order of the trial judge.

We have held that no motion for new trial, petition for rehearing, or motion to vacate is authorized or necessary for review of an order or award entered by the State Industrial Court. Cornhuskers Theatres v. Foster, 181 Okl. 341, 74 P.2d 109; Magnolia Petroleum Co. v. Mitchell, 181 Okl. 48, 72 P.2d 502; Transcontinental Oil Co. v. Eoff, 126 Okl. 91, 258 P. 743 (leading case); Sandoma Petroleum Co. v. Tow, 90 Okl. 276, 217 P. 412. Such motions do not toll the time for lodging an appeal in this court from the final order of the Industrial Court on the merits of the case. Magnolia Petroleum Co. v. Mitchell, supra; Ford v. Sanders, 127 Okl. 233, 260 P. 467; Sandoma Petroleum Co. v. Tow, supra.

The order of the State Industrial Court dated February 2, 1966, sustaining the motion of the claimant to vacate the prior final award of said court, entered without notice to the respondent or affording an opportunity to be heard is null and void. Smith v. State Industrial Court, Okl., 408 P.2d 317.

The facts in Smith v. State Industrial Court, supra, are quite similar to those presented here. In the case cited an award was entered by the State Industrial Court on December 17, 1963. On December 30, 1963, the employer filed a petition for rehearing. On January 6, 1964, claimant lodged an appeal in this court. On the same day the State Industrial Court, by a majority of the judges, without notice to the claimant entered an order vacating the award entered on December 17, 1963. This court held the order vacating the award to be void. Portions of the opinion are as follows:

"Due process of law inexorably requires that the adversary parties before the State Industrial Court be given proper notice and an opportunity to be heard before any of their substantial rights are altered or affected. Amerada Petroleum Corp. v. Hester, 188 Okl. 394, 109 P.2d 820; C. K. Howard & Co. et al. v. McKay et al., 188 Okl. 623, 112 P.2d 169; Lewis v. Sinclair Prairie Oil Co.,

189 Okl. 150, 114 P.2d 462, 463; McMinn v. State Industrial Court, Okl., 366 P.2d 954; Herb Banister Plumbing Co. v. Dreadin, Okl., 395 P.2d 645, 647. An order of the State Industrial Court which vacates or substantially alters a prior decision without notice to the adverse parties and without affording them an opportunity to be heard constitutes denial of due process and is void. Kiespert v. Jenkins, Okl., 324 P.2d 283, 285; Nelson v. Central State Roofing Co., Okl., 345 P. 2d 866.

"The order of January 6, 1964, which purported to effect vacation of the trial tribunal's award of December 17, 1963, and deprive claimant of all rights and benefits secured thereunder, was entered without any advance notice to the claimant of the time and place a hearing would be held on employer's petition for rehearing. This fact is undisputed. * * * There is no proof of any kind that claimant was afforded a hearing but waived his right thereto; that he consented to the entry of the adverse order; or that he 'elected' to dispense with a hearing.

"We accordingly hold that the order of January 6, 1964, is ineffectual and void for failure to afford claimant an opportunity to be heard, on due advance notice, in defense of his rights and benefits secured under the award of December 17, 1963."

Claimant cites Sears, Roebuck & Co. v. Heller, Okl., 401 P.2d 184, contending it is within the inherent powers of the Industrial Court to summarily, without notice to the parties, vacate its awards within the 20-day period prescribed by statute for lodging an appeal in this court. This court in Smith v. State Industrial Court, supra, answered this question adversely to the contention of the claimant, as follows:

"Employer urges the trial tribunal en banc had plenary power to summarily vacate its award within the 20-day period

prescribed by law for the commencement of an action for review. In support of this contention employer cites Sears, Roebuck & Co. v. Heller, Okl., 401 P.2d 184. We find that decision inapposite because the rule announced therein is strictly *confined to default awards or orders*. This is not the case here. The trial tribunal's award of December 17, made after a hearing en banc cannot be termed a default decision. 'Default' is defined as nonappearance of a party to an action or proceeding within the time prescribed by law to prosecute claims or make defense. Davis v. Sandlin, Okl., 366 P.2d 931, 932; Green v. Hight, 194 Okl. 214, 148 P.2d 475; 49 C.J.S. Judgments § 187, pp. 324, 326. The exception applicable to defaults is based on the premise that 'one who obtains a default judgment is charged with notice that the judgment is merely conditional in the sense that it will not become final and absolute until the time within which it may be vacated has expired.' Sears, Roebuck & Co. v. Heller, supra, 401 P.2d p. 186."

As the order entered on February 2nd is void it logically follows that all proceedings occurring subsequent thereto and predicated thereon, including the retrial on March 17, 1966, the award entered by the trial judge May 19, 1966, and the order entered by the Industrial Court, en banc on July 8, 1966, are likewise a nullity. No appeal was prosecuted by either of the parties from the award entered by the Industrial Court en banc on January 26, 1966. It is therefore final and remains in full force and effect.

In view of the disposition we are making of this case it is unnecessary for us to review the evidence or pass upon other questions presented in the briefs of the parties.

The order of the State Industrial Court entered on February 2, 1966, and all proceedings arising subsequent thereto are hereby vacated and this cause is remanded

to such court with directions to reinstate the order entered by it on January 26, 1966.

JACKSON, C. J., IRWIN, V. C. J., and WILLIAMS, BERRY, HODGES, LAVENDER and McINERNEY, JJ., concur.