## J. E. MABEE, Inc., et al. v. SINGLETON et al.

No. 23399.   Opinion Filed Dec. 6, 1932.

Rehearing Denied Jan. 3, 1932.

Carmon C. Harris, for petitioners.

Reid, Lewis & Reid, for respondents.

KORNEGAY, J. This case involves the power of the Industrial Commission to set aside an order of approval of a lump sum settlement, on discovering that the Commission was misled by the insurance carrier, representing claimant's injury to be 3 per cent. loss of use of both eyes, when by examination the carrier knew of the result, which claimant was ignorant of and the Industrial Commission was ignorant of, showing practically 30 per cent. The receipt is as follows:

"A. C. Singleton, Claimant, v. J. E. Mabee, Inc., Respondent, Associated Indemnity Corp., Ins. Carrier.

"Received Apr. 8, 1931 State Ind. Commission, Claim No. A-61484, Approved Apr. 16, 1931 State Ind. Commission.

"Receipt.

"Receipt is hereby acknowledged of two hundred and no/100 ($200), making in all, with payments heretofore received by me, a total sum of two hundred and no/100 ($200), on account of injury sustained by me on February 5, 1931, as provided by the award heretofore made by the State Industrial Commission.

"Witness my hand this the 7th day of April, 1931.

"A. C. Singleton
"110½ West California."

The Commission's order is as follows:

"Now, on this 10th day of April, 1931, the State Industrial Commission being regularly in session, the above cause comes on for consideration on an agreement filed herein by all parties, which agreement shows that the respondent and insurance carrier have agreed to pay and the claimant has agreed to accept the sum of $200 on account of an injury sustained by said claimant while in the employment of respondent, resulting in electric opthalmia, said sum being in addition to any sum heretofore paid on account of said injury, and the respondent or insurance carrier to pay all medical, hospital, and doctor bills incurred by reason of said accidental injury.

"The Commission is of the opinion: That said agreement should be approved.

"It is therefore ordered: That within 15 days from this date the respondent or insurance carrier pay to the claimant herein the sum of $200 in a lump sum, on account of aforementioned injury, in addition to any amount heretofore paid as temporary total herein. and that this cause is to be subject to the continuing jurisdiction of the Commission on a change of condition.

"It is further ordered: That within 30 days from this date the respondent or insurance carrier file with the Commission proper receipt or other report evidencing compliance with the terms of this order."

On account of discovery being made of the imposition by the carrier on claimant and Industrial Commission, a motion to reopen and determine actual disability was filed. The prayer for relief in the application filed January 18, 1932, is as follows:

"Wherefore: Claimant prays that the Commission reopen this cause and set same on the Oklahoma City docket for an early hearing, in order to determine the extent of further disability, and that the Commission order the respondent and insurance carrier to pay any further compensation to which claimant is entitled as a result of a change of condition as aforesaid and to which he is entitled to receive under and by virtue of the Workmen's Compensation Law of the state of Oklahoma as in such cases made and provided for."

On the 18th of January, 1932, an order was made setting the cause for hearing on the 29th of January, 1932. At that time testimony was taken of the claimant detailing the accidental injury, and the condition of his eyes before and after, and of settlement, negotiations and a settlement for $200 by way of a compromise, the approval of which has been set out in one of the orders copied above. It was established that $200 was all he received for everything, including temporary total disability and the permanent partial disability.

The findings of the Commission, entered on the 10th of February, 1932, are as follows:

"1. That on the 5th day of February, 1931, the claimant, A. C. Singleton, was in the employment of said respondent and engaged in a hazardous occupation subject to and covered by the provisions of the Workmen's Compensation Law of the state of Oklahoma, and that on said date he sustained an accidental injury arising out of and in the course of his employment, consisting of an injury to both eyes and caused by an electric torch burn;

"2. That the average wage of claimant per day at the time of said accidental injury was $6.50;

"3. That the claimant has heretofore received all compensation to which he is entitled for temporary total disability in the amount of $200;

"4. That as a result of said aforementioned accidental injury the claimant has sustained permanent disability to the extent of 23 per cent. loss of vision or sight

of the right eye, and 36 per cent. loss of vision or sight of the left eye, having an average, taking both eyes into consideration, of 29 per cent. loss of vision in both eyes.

"The Commission is of the opinion: That under section 7290, paragraph 1, C. O. S. 1921, as amended by Session Laws of 1923, the loss of both eyes constitutes permanent total disability, for which compensation is provided under the law for a period of 500 weeks; that under section 7290, subsection 3, for percentage loss of use or sight of an eye is provided for by that portion of the number of weeks as provided in the schedule for the loss of a member or sight of an eye which the partial loss of use thereof bears to the total loss of use of such member or sight of an eye; that 23 per cent. loss of vision in the right eye and 26 per cent. loss of vision in the left eye would be equivalent to 29 per cent loss of both eyes, and that claimant is entitled under the law to compensation at the rate of $18 per week for a period of 145 weeks, in the total sum of $2,610, in addition to the temporary total heretofore paid.

"The Commission is of the further opinion: That since April 6, 1931, when the claimant entered into a settlement on form No. 14, that he has sustained a change in condition, in that the loss of vision in both eyes is now of a permanent nature.

"The Commission is of the further opinion: That the form No. 14 and the order approving same as of April 6, 1931, should be set side and held for naught, for the reason that the evidence shows that the claimant's signature to said form No. 14 agreement was secured by false and fraudulent misrepresentations made by said respondent and its insurance carrier, through their counsel of record, A. G. Crowe, to said claimant, to the effect that he had at that time only 2 per cent. to 3 per cent. loss of vision in each eye, when, as a matter of fact the claimant had a much greater loss of vision in each eye; that said claimant relied upon said misrepresentations when' he signed said joint agreement, and that said claimant was not advised of his legal rights in the premises by the Commission, or any member of the Commission; that by reason of said fraudulent and false misrepresentations his consent and signature to said agreement was secured by said respondent and its insurance carrier."

On this order all the Commissioners voted in the affirmative. The matter has been brought here and the petitioner files a brief, setting forth a statement of facts and the orders complained of, and sets out six propositions of law, as follows:

"1. That the Commission does not have jurisdiction to review and make findings, as to questions of fraud.

"2. That if the Commission does have jurisdiction to review and make findings as to a question of fraud, it might only do so, after first acquiring jurisdiction, on a change of condition, after an order approving a settlement for permanent disability has been made and not appealed from within 30 days.

"3. That the Commission cannot make a finding that the claimant has suffered a change in condition, when the pleadings and the proof show conclusively that the condition of the claimant was the same at the time of the approval of said settlement, as at the time of the subsequent hearing; and that there must be an actual change in the claimant's condition before the Commission may acquire jurisdiction to hear the cause.

"4. That the pleadings filed in the cause are a part of the record; and that any statement or contention contained therein is binding upon the claimant and the State Industrial Commission.

"5. That the Commission has no authority or jurisdiction to interpret its former order, but that said order may only be interpreted by this court; and that same may not be diminished or supplemented by the Commission; and that said Commission cannot make a finding that compensation ordered paid by the former order, was temporary total, when all of the facts and circumstances in the record disclose that it was for partial permanent.

"6. That the testimony by the claimant himself, as to his change in condition and the resulting disability, is incompetent evidence, upon which to base an award, when the same is in conflict with expert testimony."

Each of the propositions is argued, and a great many cases decided by this court are cited. Under the continuing jurisdiction provided for in the statute, and the statute on the subject of fraud in a settlement, which is section 13360, O. S. 1931, as follows:

"Any time after the expiration of the first five days of disability on the part of the injured employee, a claim for compensation may be presented to the Commission. If the employer and the injured employee shall reach an agreement as to the facts with relation to an injury, for which compensation is claimed under this act, a memorandum of such agreement, in form as prescribed by the Commission, and signed by both the employer and employee, may be immediately filed by the employer with the Commission, and if approved by the Commission, shall, in the absence of fraud, be deemed binding upon the parties thereto, such agreement shall be approved by the Commission only when the terms conform

to the provisions of this act. The Commission shall have full power and authority to determine all questions in relation to payment of claims for compensation under the provisions of this act. The Commission shall make, or cause to be made, such investigation as it deems necessary, and upon application of either party shall order a hearing, and as soon as practicable, after a claim for compensation is submitted under this section, or such hearing closed, shall make or deny an award determining such claim for compensation, and file the same in the office of the Commission, together with the statement of its conclusion of fact and rulings of law. The Commission may, before making an award, require the claimant to appear before an arbitration committee appointed by it and consisting of one representative of employees, one representative of employers, and either a member of the Commission, or a person especially deputized by the Commission to act as chairman, before which the evidence in regard to the claim shall be adduced and by which it shall be considered and reported upon. Immediately after such tiling, the Commission shall send to the parties a copy of the decision. Upon a hearing pursuant to this section, either party may present evidence and be represented by counsel. The decision of the Commission shall be final as to all questions of fact, and except as provided in section 7297 of this article (13363) as to all questions of law"—it is clear that, under the evidence in this case, they could reopen the case, reinquire, and change and rectify the wrong that had been done, whether it be for or against the claimant. In this case the wrong was against the claimant and the Commission rectified it by reopening the case, under its continuing jurisdiction, and making the proper award. We are not able to find any rule of estoppel or denial of jurisdiction that would prevent the Commission, under the statute, from doing what, in its opinion, was just, in a case where the statute specially provides, as ours does, that fraud should not be allowed to be the basis of a settlement. The settlement here was not on joint petition.

The award is accordingly affirmed.

CLARK, V. C. J., concurs. HEFNER, SWINDALL, and McNEILL, JJ., concur in the conclusion. RILEY, CULLISON, and ANDREWS, JJ., dissent. LESTER, C. J., absent.

---

SWINDALL, J. (concurring in conclusion). I concur in the conclusion for the reason that I am of the opinion that the agreement entered into between the employer and the employee and approved by the State Industrial Commission, under section 7294, C. O. S. 1921, may be vacated by the Commission upon proof that the agreement was induced by the fraud of either party, and the Commission, under such circumstances, may make such an award as it was authorized to make had the fraud not been exercised in the first instance.

I am authorized to state that Mr. Justice HEFNER and Mr. Justice McNEILL concur in these views.

Note.—See under (1) R. C. L. Perm. Supp. p. 3664.