SPECIAL INDEMNITY FUND v. PREWITT et al.

No. 33086. April 27, 1948.
As Corrected March 22, 1949.

*205 P. 2d 306.*

Mont R. Powell and Don Anderson, both of Oklahoma City, for petitioner.

George D. Willhite, of Sapulpa, Crouch, Rhodes & Crowe, of Tulsa, and Mac Q. Williamson, Atty. Gen., for respondents.

ARNOLD, J. The employee claimant, respondent here, sustained two compensable accidents while working for the employer—one June 10, 1946, resulting in injury to the left eye, the

other June 21st, resulting in injury to the left foot. Two claims were filed, based on these injuries and tried together under a stipulation of the parties that they might be "considered" together. Treating the injuries as having occurred at the same time, the trial commissioner made one award, based on the two injuries, finding that permanent total disability resulted from the combination of all disabilities, old and new. The commission further found that claimant had, many years previous to the happening of the compensable accidents above enumerated, sustained an injury to his left great toe, an injury to his left foot, amputation of the right leg, and an injury to his right eye resulting in industrial blindness; that by reason of all of said old injuries, he was a "physically impaired person" in that said old injuries were observable by an ordinary layman. (An amputated leg constitutes him a "physically impaired person" under the definition.)

The commission found that as a result of the new injury to the left eye, there was a 45 per cent permanent partial loss of vision of that eye, and that by reason of the later injury to the left foot there resulted a 35 per cent permanent partial disability to that foot. Compensation was awarded against the employer for 90 weeks, the aggregate of the foregoing disabilities to the eye and foot calculated individually and according to the schedule for an eye and a foot.

If awarded the remaining portion of permanent total disability (500 weeks less the 90 weeks awarded against the employer) 410 weeks' compensation against the Special Indemnity Fund to be paid as by the Special Indemnity Fund Act provided.

No finding was made by the commission that claimant was only partially permanently disabled before the happening of the subsequent compensable injuries, though the evidence tends to show that claimant worked for the employer continuously for over 18 months,

never used a cane until the happening of the subsequent injuries, and had done manual labor throughout the years subsequent to the amputation of his leg.

All parties appealed to the commission en banc from the findings and holdings of the trial commissioner. The Special Indemnity Fund made the same contention before the commission that it makes here; the employee objected to the order of the trial commissioner on the ground that two separate orders should have been made, one based upon the first compensable accident and the other on the second one; the employer's appeal was based upon the contention that there was not sufficient evidence to sustain the finding of the trial commissioner relative to permanent partial disability to the specific members injured in the subsequent two accidents.

The changes made in the order by the commission on appeal are not material here. After the entry of the award by the commission, the employer settled the claim against it on joint petition for $1,990 ($100 more than the award against it).

No objection to the award entered is based upon alleged error of the commission in failing to make two awards separately based upon the subsequent compensable accidents. Nothing said herein is intended to express either approval or disapproval of the action of the commission in this respect.

In support of its only argument, that only those with previous partial impairment were intended by the Legislature to participate in the Special Indemnity Fund because the Legislature authorized payments only when previous disability was increased by last injury disability, the Special Indemnity Fund says the record shows the following pre-existing disabilities:

(1) Total permanent of the right eye.

(2) Amputation of the right leg above the knee.

(3) Left foot damage ranging from 25 to 50 per cent permanent partial disability thereto,

and cites, 85 O.S. 1941 §22, subd. 1; Dierks Lbr. Co. v. Lindley, 182 Okla. 185, 77 P. 2d 44, and Douglas Aircraft Co. v. Bounds, 198 Okla. 69, 175 P. 2d 342. The foregoing disabilities, it contends, constitute total permanent disability.

The Special Indemnity Fund Act, 85 O. S. 1943 Supp. §§ 171-176, does not apply except in cases where only permanent partial disability existed by reason of old conditions at the time of the happening of the subsequent compensable accident. The converse is also true. If the evidence shows that the one asserting responsibility of the Fund was only partially permanently disabled by reason of old pre-existing condition or injury as defined by 85 O.S. 1943 Supp. §171, and he thereafter suffers a compensable accident, and the permanent disability therefrom in conjunction with the old disability results in a combined permanent disability materially greater than the disability from the new injury standing alone, the Fund is liable and must pay that portion of the award for the combined disability provided by the act. The commission in this case found on competent testimony, introduced for the purpose of so showing, that as a result of all injuries, old and new, the claimant was permanently and totally disabled.

It did not find that the claimant was, before the happening of either subsequent compensable accident, only partially permanently disabled by reason of existing old conditions. Then, too, though the commission made its award, considering the two compensable injuries as having occurred at the same time, it made no finding of the combined disability resulting from said compensable injuries. Combination of disability resulting from compensable injury to the eye and foot is authorized by 85 O.S. 1941 §22, subd.

1. The Special Indemnity Fund in any event pays only that portion of the aggregate award based on combined disability of old and new injuries left after the disability caused by the compensable accident is paid by the employer. Combined disability resulting from an injury to the eye and foot in a compensable accident calculated on the basis of the body as a whole may be greater than the disability of said injuries calculated on the specific members under the schedule and added together. The Industrial Commission is an administrative board possessing only such powers as are conferred by law. Though its principal function is fact finding, it has been clothed with certain judicial authority. The power exercised in any instance must be shown to exist and the commission must show by its findings that the power exercised does in fact exist. As to its jurisdiction or power, no presumptions will be indulged except those provided by the Workmen's Compensation Law. Unlike a court, no disputed question of fact relating to the power or authority of an administrative board, though quasi judicial, may be presumed to have been determined in accordance with the power exercised. The Industrial Commission must, therefore, determine and make findings of the facts necessary to show that the power it exercised did exist. 7 R.C.L. 997; Osage Oil & Refining Co. v. Interstate Pipe Co., 124 Okla. 7, 253 P. 66. Here the applicability of the Special Indemnity Fund Act was disputed on the alleged ground that the employee-claimant was totally and permanently disabled at the time the compensable accident and injuries occurred. If this is true, the act would not apply and the commission would be without power to make an award against the Fund. This fact was not found by the commission though it no doubt thought that claimant was not totally disabled at the time the later injuries occurred. However, this fact, necessary to the power of the commission to enter an award against the Fund, must be determined and shown of record. Then, too, the Fund act is not applicable unless the combined disability of the old condition and the new injury is materially greater than the disability from the new injury standing alone. The order is silent on the issue. It is apparent that the correctness of the award against the Fund could not be reviewed without a determination on proper basis of the disability resulting from the new injury or, as in this case, the new injuries, in view of the fact the commission made its award on the assumption that the compensable injuries occurred at the same time.

A foot and eye injury occurring in the same accident combine to produce disability to the body as a whole which may be greater than the aggregate disabilities of said injuries based upon the specific members and computed on the schedules therefor. Obviously, computation of disability therefor on any other basis than combination under the assumed fact that these new injuries arose at the same time, would be prejudicial to the Fund in view of the fact that in any further proceedings the award against the employer must be deducted from the total award which represents the combination of all the injuries.

Award vacated.

HURST, C.J., DAVISON, V.C.J., and BAYLESS, CORN, and LUTTRELL, JJ., concur. GIBSON, J., concurs in result. RILEY, J., dissents.