### SPECIAL INDEMNITY FUND v. QUINALTY et al.

No. 32882.    Feb. 1, 1949.

Rehearing Denied March 15, 1949.

*203 P. 2d 713.*

Mont R. Powell and Anthony R. Kane, both of Oklahoma City, for petitioner.

Hugh M. Sandlin, of Holdenville, and Mac Q. Williamson, Attorney Gen., for respondents.

GIBSON, J. This is an original proceeding brought by Special Indemnity Fund, hereinafter referred to as the Fund, to review an award of the State Industrial Commission entered in favor of respondent, Louis Quinalty. An award was also entered against Seminole Motor Sales Company, employer of respondent, and its insurance carrier.

The commission, after finding that on February 26, 1945, respondent, while in the employ of Seminole Motor Sales Company, sustained an accidental personal injury arising out of and in the course of his employment consisting of an injury to the right eye which resulted in the total loss of use of the eye, further found that at the time he received the injury of February 26, 1945, he had sustained a previous injury which resulted in the complete loss of

hearing of both ears and 25 per cent permanent partial loss of the use of his left leg and that as a result of both injuries he is now permanently totally disabled from performing manual labor, and in accordance with such finding entered an award against the employer of respondent and its insurance carrier and the Fund.

Competent evidence has been offered by respondent tending to sustain these findings and award. The Fund, however, calls attention to the fact that the commission has wholly failed to find that respondent at the time he sustained his last or compensable injury was then a physically impaired person as that term is defined by statute. It is contended by the Fund that such fact is a jurisdictional fact, that it is necessary and essential that the commission find the facts upon which its jurisdiction depends before it has authority or power to enter an award; that since it has failed to make such finding it was without jurisdiction to enter an award as against it. This contention must be sustained.

In the case of Special Indemnity Fund v. Hunt, 200 Okla. 1, 190 P. 2d 795, we held:

"An employee must be a 'physically impaired person' as defined by 85 O. S. 1943 Supp. §171 to receive the benefits of the Special Indemnity Fund Act."

In that case, after referring to the statute defining a physically impaired person, we said:

"As a necessary precedent to the application of the Special Indemnity Fund Act and the entry of an award thereunder by the commission, it must be shown that the claimant is a 'physically impaired person' as defined in the Act; that he suffered a subsequent compensable injury under the Workmen's Compensation Law which resulted in additional permanent disability; that the disability resulting from the subsequent injury is combinable with the disability theretofore existing by reason of previous impairment; that the combination of both disabilities, the old and the new, is materially greater than that which would have resulted from the subsequent injury standing alone.

"The foregoing prerequisite conditions on which the applicability of the Special Indemnity Fund Act rests are jurisdictional. In the absence of proof of their existence, the commission is without power or authority to enter any award under the Act. The State Industrial Commission, being an administrative fact finding board with certain judicial powers, is a quasi judicial body. But, unlike courts of record, it must not only determine its jurisdiction but must show the existence of its jurisdiction of record, so, therefore, it is not sufficient that the evidence show the existence of the foregoing prerequisite to the authority of the commission to enter an award against the Fund. *These facts must be found by the commission and shown of record.* . . .

"The commission has no authority to enter an order against the Fund until it is shown by competent proof that the employee is a 'physically impaired person' as defined by the Special Indemnity Fund Act. *That this jurisdicational requirement exists must be found by the commission* and the testimony relied upon as supporting the finding will be weighed by us." (Emphasis supplied.)

It will be noted that while the commission finds that respondent at the time he sustained his last or compensable injury had sustained a previous injury which resulted in the total loss of use of his hearing and 25 per cent loss of use of his left leg, it made no finding that it had been previously adjudged by the State Industrial Commission that he had sustained such previous disability or that the loss of use of respondent's left leg was observable to an ordinary layman. Since the commission has failed to make such finding it was, under the above authority, without jurisdiction to enter an award against the Fund.

Award vacated as to Special Indemnity Fund for further proceedings in accordance with the views herein expressed.