**SPECIAL INDEMNITY FUND OF STATE OF OKLAHOMA, Administered by State Insurance Fund, Petitioner,**

v.

**Garland H. LEVERING and the State Industrial Commission of State of Oklahoma, Respondents.**

No. 38455.

Supreme Court of Oklahoma.

Oct. 27, 1959.

886

Mont R. Powell, Oklahoma City, Moraul Bosonetto, Sapulpa, for petitioner.

Hatcher & Wilson, Pauls Valley, Looney, Watts, Looney & Nichols, Oklahoma City, Mac Q. Williamson, Atty. Gen., for respondents.

JOHNSON, Justice.

Garland H. Levering, hereinafter called claimant, filed his first notice of injury and claim for compensation stating that while employed by Oller Heating and Plumbing Company he sustained an accidental injury arising out of and in the course of his employment on November 7, 1957, when he sustained a right inguinal hernia. He was paid on joint petition for this hernia and thereafter commenced this proceeding against Special Indemnity Fund, and on the hearing an award was entered against the Fund for payment of $13,010 which was total disability less $1,990 for the hernia sustained during his employment with Oller Heating and Plumbing Company.

This proceeding is brought by Special Indemnity Fund of the State of Oklahoma, administered by the State Insurance Fund to review the award.

The record discloses that claimant received a hernia to his left side prior to 1944; that this hernia was repaired at his own expense in that year. While employed at Douglas Aircraft he sustained a recurrence or another hernia in the same location in 1945. This hernia was repaired about July or August, 1945. In 1951, while working in the oil fields, he sustained a hernia in the same area. This last hernia was not repaired until he sustained the right inguinal hernia while employed by the Oller Heating and Plumbing Company. At this time the left hernia was again repaired. The evidence is sufficient to sustain the finding that by reason of the prior hernia and the last hernia claimant is permanently totally disabled.

The award is in part as follows:

"That claimant in 1944, sustained a left inguinal hernia, which was surgically repaired; that said left inguinal hernia, being recurrent, was again repaired in 1945; that said left inguinal hernia was again recurrent in 1951.

"That on November 11, 1957, claimant herein was in the employ of the re-

spondent named above and sustained an accidental personal injury arising out of and in the course of his hazardous employment, consisting of a right inguinal hernia, which hernia was repaired.

"That as a result of combination of all injuries claimant is now permanently and totally disabled for the performance of ordinary manual labor, and is entitled to 500 weeks compensation at $30.00 per week in the total sum of $15,000.00 less $1990.00 paid for his last injury (14 weeks temporary total and 50 weeks permanent partial), leaving the Special Indemnity Fund obligated to pay claimant $13,010.00, payable at the rate of $30.00 per week."

The Special Indemnity Fund argues that the findings of the State Industrial Commission are not in accord with the requirements of the provisions of 85 O.S. 1951 §§ 171 and 172. In Special Indemnity Fund v. Quinalty, 201 Okl. 204, 203 P.2d 713, it is stated:

"Before the State Industrial Commission has power to enter an award against Special Indemnity Fund in favor of an injured employee who had sustained a previous injury, it is necessary and essential that the Commission first find that at the time such employee sustained his last or compensable injury he was a physically impaired person as that term is defined by statute. In the absence of such finding the Commission is without jurisdiction to enter an award against Special Indemnity Fund."

See also Special Indemnity Fund v. Hunt, 200 Okl. 1, 190 P.2d 795; Special Indemnity Fund of State of Okl. v. Iven, Okl., 284 P.2d 419.

Not only is there no specific finding as required by the above cases, but there is no evidence which discloses that claimant is a physically impaired person. 85 O.S. 1951 § 171, provides:

"For the purpose of this Act, the term 'physically impaired person' is hereby defined to be a person who as a result of accident, disease, birth, military action, or any other cause has suffered the loss of the sight of one eye, the loss by amputation of the whole or a part of some member of his body, or the loss of the use, or partial loss of the use, of a specific member such as is obvious and apparent from observation or examination by an ordinary layman, that is, a person who is not skilled in the medical profession, *or any disability which previously has been adjudged and determined by the State Industrial Commission.*" (Emphasis ours.)

There is no evidence that claimant prior to the last injury had a disability due to an injury to a specific member of the body. There is no proof of any adjudication of a prior disability. The uncontradicted evidence is that there has been no adjudication of a disability within the meaning of section 171, supra.

In Special Indemnity Fund v. Quinalty, supra [201 Okl. 204, 203 P.2d 713], it is stated:

"An employee must be a 'physically impaired person' as defined by 85 O.S. 1943 Suppl. § 171, to receive the benefits of the Special Indemnity Fund Act."

See also Special Indemnity Fund v. Wade, 199 Okl. 547, 189 P.2d 609; Special Indemnity Fund of State of Okl. v. Iven, supra, and Special Indemnity Fund v. Edmonds, 203 Okl. 419, 222 P.2d 742.

The proceeding is remanded to the State Industrial Commission with directions to vacate the award against Special Indemnity Fund.

DAVISON, C. J., WILLIAMS, V. C. J., and WELCH, BLACKBIRD, JACKSON, IRWIN and BERRY, JJ., concur.