OSCN Found Document:ROBINSON v. FAIRVIEW FELLOWSHIP HOME FOR SENIOR CITIZENS, INC.

 
 
 

 
 
 
 
 
 
 
 

 


 
 
 
 
 
 


 
 OSCN navigation


 
 
 Home

 
 Courts

 
 
 Court Dockets
 

 
 Legal Research

 
 Calendar

 
 Help
 
 





 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 
 
 

 
 
 
 ROBINSON v. FAIRVIEW FELLOWSHIP HOME FOR SENIOR CITIZENS, INC.
2016 OK 42
Case Number: 113735
Decided: 04/19/2016
THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2016 OK 42, __ P.3d __

 
NOTICE: THIS OPINION HAS NOT BEEN RELEASED FOR PUBLICATION. UNTIL RELEASED, IT IS SUBJECT TO REVISION OR WITHDRAWAL. 

 

CYNTHIA ROBINSON, Petitioner,
v.
FAIRVIEW FELLOWSHIP HOME FOR SENIOR CITIZENS, INC. and STONETRUST COMMERCIAL INSURANCE CO. and THE WORKERS' COMPENSATION COMMISSION, Respondents.

ON APPEAL FROM THE WORKERS' COMPENSATION COMMISSION

¶0 Petitioner Cynthia Robinson was denied workers' compensation benefits after an administrative law judge of the Workers' Compensation Commission found that her injury was not in the course and scope of employment under 85A O.S. Supp. 2013 § 2(13). Petitioner argued that § 2(13) was an unconstitutional special law and unconstitutionally denied her a remedy for her injury. The ALJ declined to address Petitioner's constitutional arguments, and the Workers' Compensation Commission affirmed. Petitioner appealed, and in an unpublished decision, the Court of Civil Appeals affirmed, declining to address Petitioner's constitutional arguments and suggesting she seek a declaration in the district court regarding the statute's constitutionality. We granted certiorari review in the case. Upon consideration, we hold that the Workers' Compensation Commission has the power to determine whether a provision of Title 85A is being unconstitutionally applied to a particular party in a proceeding before the Commission, and the Commission's decision is subject to review by this Court.

COURT OF CIVIL APPEALS' OPINION VACATED; WORKERS'
COMPENSATION COMMISSION ORDER VACATED; CAUSE REVERSED
AND REMANDED FOR FURTHER PROCEEDINGS

Bob Burke, Oklahoma City, Oklahoma, for Petitioner.
James G. Devinney, Ponca City, Oklahoma, for Petitioner.
W. Jeffrey Dasovich, Oklahoma City, Oklahoma, for Respondents.
Patrick R. Wyrick, Mithun S. Mansinghani, Office of the Attorney General, Oklahoma City, Oklahoma.
V. Glenn Coffee, Denise K. Davick, Glenn Coffee & Associates, Oklahoma City, Oklahoma, for Amicus Curiae State Chamber of Oklahoma.

PER CURIAM

Facts & Procedural History

¶1 Petitioner Cynthia Robinson worked as a Nurse's Aide for Employer Fairview Fellowship Home for Senior Citizens, and was injured on February 6, 2014.[1] Petitioner requested a finding of injury to her neck, left shoulder, and left knee, as well as temporary total disability. Employer admitted that she was an employee on the date of the accident but denied that her injury arose out of and in the course of her employment under 85A O.S. Supp. 2013 § 2(13). Petitioner argued that if her injury was not compensable, then § 2(13) was an unconstitutional special law and unconstitutionally denied her a remedy for her injury.

¶2 The ALJ found Petitioner's injury was not in the course and scope of employment, and thus, not compensable. The ALJ declined to address Petitioner's constitutional arguments stating: "The Workers' Compensation Commission is an administrative agency rather than a court and is without power to decide the Claimant's Constitutional arguments that this statute does not provide an adequate remedy under the Administrative Workers' Compensation Act."[2] The ALJ cited as authority Dow Jones & Co., Inc. v. State ex rel. Oklahoma Tax Commission, 1990 OK 6, 787 P.2d 843.

¶3 Petitioner appealed to the Workers' Compensation Commission, and the Commission affirmed the decision of the ALJ, stating that "claims that legislation is unconstitutional cannot be determined by law or this Commission en Banc. Those claims can only be decided by a court of competent jurisdiction."[3] Petitioner again appealed, and in an unpublished decision, the Court of Civil Appeals affirmed. Although the court found that Petitioner had "preserved [her] constitutionality argument before the [Workers' Compensation Commission]," the court declined to address such constitutional arguments and suggested Petitioner "seek a declaration in district court regarding the statute's constitutionality." Petitioner Robinson petitioned this Court for certiorari review of the COCA opinion, specifically on the issue of whether this Court and COCA have the jurisdiction to decide the constitutionality of the provisions of Title 85A "even though the Workers' Compensation Commission, as an executive administrative agency, does not have such authority."[4]

¶4 After Petitioner filed her Petition for Certiorari in this Court, the Attorney General filed notice of his intent to provide his views concerning the authority of the Workers' Compensation Commission to address constitutional issues and the ability of the courts to review those decisions. On January 13, 2016, this Court invited the Attorney General to file his brief on such issues, and the parties were given ten days to respond to the Attorney General's filing. The Attorney General filed his brief on the issues on February 10, 2016, arguing that the Workers' Compensation Commission has the authority to address the constitutionality of a statute as it is being applied in an individual proceeding, subject to judicial review by this Court. Neither party tendered a response to the Attorney General's brief. On February 29, 2016, this Court granted Petitioner Robinson's Petition for Certiorari.

The Workers' Compensation Commission Has the Power to Determine
Whether a Provision of Title 85A is Being Unconstitutionally Applied to a 
Particular Party in a Commission Proceeding 

¶ 5 The Oklahoma Administrative Workers' Compensation Act creates the Workers' Compensation Commission, which is "an executive agency of the State of Oklahoma . . . ." 85A O.S. Supp. 2013 § 19(A). Limits on the authority of an executive administrative agency to resolve constitutional questions--the question before us in this case--are based upon the constitutional principle of separation of powers. Article 4, § 1 of the Oklahoma Constitution provides:

The powers of the government of the State of Oklahoma shall be divided into three separate departments: The Legislative, Executive, and Judicial; and except as provided in this Constitution, the Legislative, Executive, and Judicial departments of government shall be separate and distinct, and neither shall exercise the powers properly belonging to either of the others.[5]

Article 7, §1 goes on to provide:

§ 1. Courts in which judicial power vested.

The judicial power of this State shall be vested in the Senate, sitting as a Court of Impeachment, a Supreme Court, the Court of Criminal Appeals, the Court on the Judiciary, the State Industrial Court, the Court of Bank Review, the Court of Tax Review, and such intermediate appellate courts as may be provided by statute, District Courts, and such Boards, Agencies and Commissions created by the Constitution or established by statute as exercise adjudicative authority or render decisions in individual proceedings. . . .[6]

¶6 Adjudicative authority--the "authority to hear and determine forensic disputes"--"is the exclusive domain of the judiciary."[7] Consistent with Art. 7, § 1, this Court has on numerous occasions held that "[w]hen an administrative board acts in an adjudicative capacity, it functions much like a court."[8] Such proceedings are quasi-judicial in nature--a "term applied to the action of public administrative officers or boards which investigate facts or ascertain the existence of facts; draw conclusions from them as a basis for official action; and exercise discretion of a judicial nature in connection with and incidental to the administration of matters entrusted to or assigned to the officers or board."[9]

¶7 Under Art. 7, § 1, the Commission, as a Commission "established by statute," may "exercise adjudicative authority or render decisions in individual proceedings."[10] Pursuant to such, under the AWCA, the Commission and its ALJs have the power "to hear and determine claims for compensation and to conduct hearings and investigations and to make such judgments, decisions, and determinations as may be required by any rule or judgment of the Commission" or as "authorized by law." 85A O.S. Supp. 2013 § 22(C-D). Section 72(A)(4) provides that "[a]dministrative law judges are required to make specific, on-the-record findings of ultimate facts responsive to the issues shaped by the evidence as well as conclusions of law on which its judgment is to be rested." 85A O.S. Supp. 2013 § 72(A)(4) (emphasis added). Section 27(A) of Title 85A provides:

A. The Workers' Compensation Commission shall be vested with jurisdiction over all claims filed pursuant to the Administrative Workers' Compensation Act. All claims so filed shall be heard by the administrative law judge sitting without a jury. The Commission shall have full power and authority to determine all questions in relation to claims for compensation under the provisions of the Administrative Workers' Compensation Act. The Commission, upon application of either party, shall order a hearing. Upon a hearing, either party may present evidence and be represented by counsel. Except as provided in this act, the decision of the administrative law judge shall be final as to all questions of fact and law. The decision of the administrative law judge shall be issued within thirty (30) days following the submission of the case by the parties. The power and jurisdiction of the Commission over each case shall be continuing and it may, from time to time, make such modifications or changes with respect to former findings or orders relating thereto if, in its opinion, it may be justified.[11]

¶8 The above-highlighted language mirrors statutory language contained in Oklahoma's first "Workmens Compensation Law" enacted in 1915 and administered by the State Industrial Commission. The State Industrial Commission was also given "full power and authority to determine all questions in relation to the payment of claims for compensation under the provisions of this Act,"[12] and an award or order of the Commission was final as to questions of fact and all questions of law not appealed to the Oklahoma Supreme Court.[13] Although not a court of record,[14] the State Industrial Commission was an "administrative fact finding board with certain judicial powers [and] a quasi judicial body"[15] "clothed with certain judicial authority."[16]

¶9 The "full power and authority to determine all questions in relation to claims for compensation" necessarily includes questions of law.[17] A question of law includes a constitutional question raised by the interpretation and application of a particular workers' compensation statute to a particular party.[18] Thus, the Commission or its ALJs when exercising adjudicative authority may properly refuse to apply a statute to a particular party before it, if the Commission or its ALJs find that such application would be repugnant to the Constitution. To hold otherwise would force parties before the Commission to immediately appeal a decision of the Commission before a final adjudication of the claim on the merits.[19] In addition, Petitioners are forced to carry the additional financial burden of filing fees, costs of transcripts, preparation of the record, attorney fees, and the costs of legal representation, only to have this Court remand the case to the Commission to decide a question it could have decided in the first instance. This is not the "'prompt, certain, and inexpensive'" remedy envisioned by the adoption of the workers' compensation system as a result of the industrial bargain. Adams v. Iten Biscuit Co., 1917 OK 47, ¶ 16, 162 P. 938, 944 (quoting Jensen v. S. Pac. Co., 109 N.E. 600, 603 (N.Y. 1915)).

¶10 "The benefit from having the administrative process initially address a constitutional issue among other issues within the agency's purview is that the process may result in fact-finding or interpretation and application of statutory processes that may obviate the need to adjudicate a constitutional question." N.J. Dep't of Envtl. Prot. v. Huber, 63 A.3d 197, 218 (N.J. 2013). This Court does not generally, in the exercise of our appellate jurisdiction, "make first instance determinations on disputed questions of fact or law."[20] "'A constitutional claim that hinges upon factual issues reviewable at the administrative level must first be addressed to the agency so that a necessary factual record can be established.'" In re Fichera v. City of New York, 145 A.D.2d 482, 484 (N.Y. App. Div. 2d 1988) (emphasis added) (citing Matter of Dozier v. New York City, 130 A.D.2d 128, 135 (N.Y. App. Div. 2d 1987)).

¶11 The Court of Civil Appeals' suggestion that Petitioner file a declaratory judgment action in the district court is contrary to the AWCA, which specifically provides that "[a]ll appeals or disputes arising from actions of the Commission shall be governed by provisions of this act and the Commission shall not be subject to the provisions of the Oklahoma Administrative Procedures Act, except as provided in this act." 85A O.S. Supp. 2013 § 19(F). Thus, 75 O.S. 2011 § 307, which allows for the filing a Petition for Declaratory Review in the district court under the Administrative Procedures Act, does not apply to cases pending before the Workers' Compensation Commission. In fact, the exclusive remedy provision of 85A O.S. Supp. 2013 § 5 specifically bars injured workers from pursuing relief in the district court. Thus, we conclude that the Workers' Compensation Commission has the power to determine whether a provision of Title 85A is being unconstitutionally applied to a particular party in a proceeding before the Commission.[21]

A Decision of the Workers' Compensation Commission is Subject to Review by this Court

¶12 Of course, the power of the Commission and its ALJs to determine the constitutionality of a provision of Title 85A is limited. Although the Commission, when acting in an adjudicative capacity functions much like a court, the Commission is an executive branch agency lacking the full power of the judiciary.[22] Article 7, § 1 grants the Commission only that judicial power necessary to "render decisions in individual proceedings," meaning the Commission only has the power to resolve, on a case-by-case basis, questions regarding the constitutional or unconstitutional application of a statute to a particular party in a proceeding before it, and the Commission's decision is binding only on the parties in that case.[23] The Legislature may not confer upon the Commission the power to determine the facial constitutionality of a statute, and the Commission may not assume that power--such power resides in the judiciary alone.[24]

¶13 The Commission may not issue decisions that conflict with the rulings of this Court, and the Commission's decisions are subject to review by this Court. This Court is the ultimate authority on the interpretation of the laws of this State,[25] and in addition to our constitutional authority to review a decision of the Commission, we are also statutorily tasked with reviewing a "judgment, decision or award of the Commission." 85A O.S. Supp. 2013 § 78(C). Finally, the Workers' Compensation Commission may only address issues that arise in claims within their jurisdiction and that involve the application of the Workers' Compensation Act. Under Title 85A, the Commission has the "exclusive responsibility and duty to carry out the provisions of this act." 85A O.S. Supp. 2013 § 19(A) (emphasis added).

¶14 The Court of Civil Appeals clearly has the power to review a decision of the Commission when such a case has been properly and timely appealed to this Court and assigned to the Court of Civil Appeals by this Court.[26] In addition, just as this Court has a duty to review the constitutionality of a challenged legislative enactment when presented with a justiciable case or controversy, so too does the Court of Civil Appeals.[27]

Conclusion

¶15 We conclude that the Workers' Compensation Commission has the power to determine whether a provision of Title 85A is being unconstitutionally applied to a particular party in a proceeding before the Commission.[28] The Court of Civil Appeals' opinion in this case is vacated. The Commission's decision in this case is vacated and the cause is reversed and remanded for a new hearing before the assigned ALJ.

COURT OF CIVIL APPEALS' OPINION VACATED; WORKERS' 
COMPENSATION COMMISSION ORDER VACATED; CAUSE REVERSED
AND REMANDED FOR FURTHER PROCEEDINGS

¶16 Reif, C.J., Combs, V.C.J., Kauger, Watt, Edmondson, Colbert and Gurich, JJ., concur.

¶17 Winchester and Taylor, JJ., concur in result.

FOOTNOTES

[1] Petitioner Robinson was on her lunch break when she slipped and fell on an icy sidewalk located approximately five feet from the exit of her Employer's business. She injured her neck, left shoulder, and left knee in the accident. Transcript of Hearing at 6-7. We do not address in this opinion whether the ALJ correctly interpreted 85A O.S. Supp. 2013 § 2(13) in determining that Petitioner was not in the course and scope of her employment when she fell.

[2] Record on Appeal at 11.

[3] Transcript of Appeal Before the Commissioners at 3.

[4] Petition for Certiorari at 3.

[5] Okla. Const. art. 4, § 1 (emphasis added).

[6] Okla. Const. art. 7, § 1 (emphasis added).

[7] Yocum v. Greenbriar Nursing Home, 2005 OK 27, ¶ 13 & n.30, 130 P.3d 213, 220 & n.30.

[8] Bowen v. State ex rel. Okla. Real Estate Appraiser Bd., 2011 OK 86, ¶ 15, 270 P.3d 133, 137; see also Harry R. Carlile Trust v. Cotton Petroleum Corp., 1986 OK 16, ¶¶ 7-8, 732 P.2d 438, 441-42. Although the Oklahoma Constitution forbids encroachment by one department upon the powers or functions of another, this Court has also recognized that there "can be blending of the three powers of government and that it is not always possible to contain the three branches of government into 'water tight compartments'. This blending of powers is especially prevalent in the area of administrative law where administrative agencies and officials, in exercising the powers delegated to them, typically exercise all three types of powers and are responsive to some degree of control by each of the constitutional departments." In re Okla. Dep't of Trans. for Apprvoal of Not to Exceed $100 Million Okla. Dep't of Trans. Grant Anticipation Notes, Series 2002, 2002 OK 74, ¶ 10, 64 P.3d 546, 550 (emphasis added) (internal citations omitted).

[9] Jackson v. Indep. Sch. Dist. No. 16 of Payne Cnty., 1982 OK 74, n.20, 648 P.2d 26, 31 n.20 (emphasis added).

[10] Okla. Const. art. 7, § 1.

[11] 85A O.S. Supp. 2013 § 27(A) (emphasis added).

[12] 1915 Okla. Sess. Laws 480.

[13] 1915 Okla. Sess. Laws at 481. Such statutory language has remained in the workers' compensation statutes since 1915. See 85 O.S. 2011 § 303(J) ("The Court shall have full power and authority to determine all questions in relation to payment of claims for compensation under the provisions of the Workers' Compensation Code. . . . Except as provided in Section 340 of this title, the decision of the Court shall be final as to all questions of fact and law."); 85 O.S. Supp. 2010 § 26(B) ("The Court shall have full power and authority to determine all questions in relation to payment of claims for compensation under the provisions of the Workers' Compensation Act. . . . The decision of the Court shall be final as to all questions of fact, and except as provided in Section 3.6 of this title, as to all questions of law."); 85 O.S. 2001 § 26(B) ("The Court shall have full power and authority to determine all questions in relation to payment of claims for compensation under the provisions of the Workers' Compensation Act. . . . The decision of the Court shall be final as to all questions of fact, and except as provided in Section 3.6 of this title, as to all questions of law."); 85 O.S. Supp. 1994 § 26(B) ("The Court shall have full power and authority to determine all questions in relation to payment of claims for compensation under the provisions of the Workers' Compensation Act. . . . The decisions of the Court shall be final as to all questions of fact, and except as provided in Section 3.6 of this title, as to all questions of law."); 85 O.S. Supp. 1986 § 26(B) ("The Court shall have full power and authority to determine all questions in relation to payment of claims for compensation under the provisions of the Workers' Compensation Act. . . . The decision of the Court shall be final as to all question of fact, and except as provided in Section 3.6 of this title, as to all questions of law."); 85 O.S. Supp. 1977 § 26 ("The Court shall have full power and authority to determine all questions in relation to payment of claims for compensation under the provisions of the Workers' Compensation Act. . . . The decision of the Court shall be final as to all questions of fact, and except as provided in Section 10 of the Workers' Compensation Act, as to all questions of law."); 1923 Okla. Sess. Laws 125 ("The Commission shall have full power and authority to determine all question in relation to payment of claims for compensation under the provisions of this Act. . . . The decision of the Commission shall be final as to all question of fact, and except as provided in Section 7297, of this Article, as to all questions of law."); 1919 Okla. Sess. Laws 21 ("The commission shall have full power and authority to determine all question in relation to the payment of claims for compensation under the provisions of this Act. . . . The decision of the Commission shall be final as to all questions of fact, and except as provided in Section 13 of this Article as to all questions of law.").

[14] In 1959, the State Industrial Commission was "officially named and designated the State Industrial Court" and "designated and confirmed as a court of record, with respect to any matter within the limits of its jurisdiction" and judges of the States Industrial Court were given "the powers and prerogatives of the judges of the other courts of record of this state." 1959 Okla. Sess. Laws 397-98. The State Industrial Court was renamed the Workers' Compensation Court in 1977. 85 O.S. Supp. 1977 § 2. It remained so named until it was again renamed the Court of Existing Claims with the passage of the AWCA in 2013. 85A O.S. Supp. 2013 § 400.

[15] Special Indem. Fund v. Quinalty, 1949 OK 17, ¶ 5, 203 P.2d 713, 714.

[16] Special Indem. Fund v. Prewitt, 1948 OK 104, ¶ 10, 205 P.2d 306, 311.

[17] See 85A O.S. Supp. 2013 § 27(A) (emphasis added).

[18] The State Industrial Commission frequently determined questions of law including, for example, whether it had jurisdiction to enter a decision in a particular proceeding. See, e.g., M.V. Stilwell Trucking Contractor v. Patterson, 1939 OK 217, ¶ 13, 89 P.2d 766, 768 (determining whether employment was hazardous was a jurisdictional question to be "inquired into by the Industrial Commission"); J.E. Mabee, Inc. v. Singleton, 1932 OK 802, 17 P.2d 438 (determining whether a settlement award could be set aside for fraud was properly within the Commission's jurisdiction to reopen a case).

[19] "Settled case law defines a reviewable decision in a compensation case as one which 'makes or denies an award' or otherwise constitutes 'a final determination of the rights of the parties.'" Hermetics Switch, Inc. v. Sales, 1982 OK 12, ¶ 3, 640 P.2d 963, 965. Although the award in this case was technically appealable because the ALJ denied compensation after he determined Petitioner's injury did not fall within the statutorily defined "course and scope of employment," such a determination did not end the inquiry. The ALJ's analysis should have included a determination of whether the application of such statute unconstitutionally denied Petitioner benefits--a determination specifically requested by Petitioner. Only after such a determination was the decision a "final determination of the rights of the parties" and subject to appellate review.

[20] Okla. Pub. Emps. Ass'n v. Okla. Dep't of Cent. Servs., 2002 OK 71, ¶ 21, 55 P.3d 1072, 1081.

[21] As the Attorney General points out, the "Oklahoma Constitution requires all state officials 'to solemnly swear (or affirm) that I will support, obey, and defend the Constitution of the United States, and the Constitution of the State of Oklahoma.'" Brief of the Attorney General at 11. Requiring the Commission or its ALJs to administer a statute even when, as a matter of law, the statute is being unconstitutionally applied requires the Commissioners and the ALJs to knowingly violate their oath of office as well as the rights of at least one of the parties. Id. at 12.

[22] See Okla. Const. art. 4, § 1. The executive branch is "invested primarily with the function of executing the law," enforcing the law, or appointing agents charged with the duty of enforcing the law. Fent v. Contingency Review Bd., 2007 OK 27, ¶ 12 & n.34, 163 P.3d 512, 521 & n.34.

[23] Okla. Const. art. 7, § 1. In addition, "finding a statute or regulation unconstitutional as applied to a specific party does not affect the facial validity of that provision." Travelscape, L.L.C. v. S.C. Dep't of Revenue, 705 S.E. 2d 28, 39 (S.C. 2011). See also Tulsa Cnty. Deputy Sheriff's Fraternal Order of Police, Lodge No. 188 v. Bd. of Cnty. Comm'r of Tulsa Cnty, 2000 OK 2, 995 P.2d 1124 (Opala, J., dissenting ¶¶ 9-10 (citing St. Paul Fire & Marine Ins. Co. v. Getty Oil Co., 1989 OK 139, ¶ 10, 782 P.2d 915, 917; State ex rel. Tharel v. Bd. of Comm'rs of Creek Cnty., 1940 OK 468, syl. 1, 107 P.2d 542, 544 syl. 1; Tex. Workers' Comp. Comm'n v. Garcia, 893 S.W.2d 504, 518 (Tex. 1995)).

[24] See Okla. Const. art. 4, § 1.

[25] Okla. Const. art. 7, § 4. Cline v. Okla. Coal. for Reprod. Justice, 2013 OK 93, n.7, 313 P.3d 253, 257 n.7 ("The Supreme Court of Oklahoma 'alone has the power to authoritatively determine the validity or invalidity of a statute.'") (quoting State ex rel. York v. Turpen, 1984 OK 26, ¶ 10, 681 P.2d 763, 767); see also Thrarel, 1940 OK 468, ¶ 8, 107 P.2d at 547.

[26] Article 7, § 5 provides that "[t]he jurisdiction, powers, duties and procedures of intermediate appellate courts shall be as provided by rules of the Supreme Court until otherwise provided by statute." Okla. Const. art. 7, § 5. Section 30.1 of Title 20 provides that the Court of Civil Appeals "shall have the power to determine or otherwise dispose of any cases that are assigned to it by the Supreme Court. Its decisions, when final, shall neither be appealable to the Supreme Court nor be subject to reexamination by another division of the Court of Civil Appeals or by the Judges of that Court sitting en banc" except that "[a] decision of the Court of Civil Appeals may be reviewed by the Supreme Court if a majority of its Justices direct that a writ of certiorari be granted, and the Supreme Court may, by order, recall a case from the Court of Civil Appeals." 20 O.S. 2011 § 30.1.

[27] See Coates v. Fallin, 2013 OK 108, ¶ 3, 316 P.3d 924, 925. The Court of Civil Appeals' determination in this case that it could not "address the constitutionality issued raised by Claimant" was error. We note that at least two other divisions of the Court of Civil Appeals have addressed the constitutionality of 85A O.S. Supp. 2013 § 2(13), the same provision of Title 85A at issue in this case. See Morse v. Custom Facility Servs. et al., Case No. 113,759 (Sept. 11, 2015) (Division I) (unpublished) (holding that 85A O.S. Supp. 2013 § 2(13) was not an unconstitutional special law within the meaning of Art. 5, § 46 of the Oklahoma Constitution); Pina v. Am. Piping Inspection Inc. et al., Case No. 113,899 (Sept. 17, 2015) (Division IV) (unpublished) (holding that 85A O.S. Supp. 2013 § 2(13) did not violate Art. 2, § 6 of the Oklahoma Constitution). Certiorari review was granted in Pina, Case No. 113,899, on February 22, 2016, and the case is now pending before this Court.

[28] The Attorney General asks us to overrule Dow Jones, 1990 OK 6, 787 P.2d 843. We need not reach that issue today as that case specifically involved the power of the Oklahoma Tax Commission to declare a statute unconstitutional, and that issue is not before us.






 Citationizer© Summary of Documents Citing This Document
 
 
 Cite
 Name
 Level
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 Cite
 Name
 Level
 
 
 Oklahoma Supreme Court Cases
 Cite
Name
Level

 1989 OK 139, 782 P.2d 915, 60 OBJ 2835, St. Paul Fire & Marine Ins. Co. v. Getty Oil Co.
Discussed
 1940 OK 468, 107 P.2d 542, 188 Okla. 184, STATE ex rel. THAREL v. BOARD OF COM'RS OF CREEK COUNTY
Discussed at Length
 1939 OK 217, 89 P.2d 766, 184 Okla. 642, STILWELL v. PATTERSON
Discussed
 1990 OK 6, 787 P.2d 843, Dow Jones & Co., Inc. v. State ex rel. Oklahoma Tax Com'n
Discussed at Length
 1917 OK 47, 162 P. 938, 63 Okla. 52, ADAMS v. ITEN BISCUIT CO.
Discussed
 1932 OK 802, 17 P.2d 438, 161 Okla. 152, J. E. MABEE Inc. et al v. SINGLETON et al.
Discussed
 2002 OK 74, 64 P.3d 546, IN THE MATTER OF THE APPLICATION OF THE OKLAHOMA DEPT. OF TRANSPORTATION
Discussed
 2002 OK 71, 55 P.3d 1072, OKLAHOMA PUBLIC EMPLOYEES ASSOCIATION v. OKLAHOMA DEPT. OF CENTRAL SERVICES
Discussed
 2005 OK 27, 130 P.3d 213, YOCUM v. GREENBRIAR NURSING HOME
Discussed
 2007 OK 27, 163 P.3d 512, FENT v. CONTINGENCY REVIEW BOARD
Discussed
 2011 OK 86, 270 P.3d 133, BOWEN v. STATE ex rel. OKLAHOMA REAL ESTATE APPRAISER BOARD
Discussed
 2013 OK 93, 313 P.3d 253, CLINE v. OKLAHOMA COALITION FOR REPRODUCTIVE JUSTICE
Discussed
 2013 OK 108, 316 P.3d 924, COATES v. FALLIN
Discussed
 2000 OK 2, 995 P.2d 1124, 71 OBJ 111, Tulsa Co. F.O.P., Lodge No. 188 v. Board of County Commissioners of Tulsa Co.
Discussed
 1982 OK 12, 640 P.2d 963, Hermetics Switch, Inc. v. Sales
Discussed
 1982 OK 74, 648 P.2d 26, Jackson v. Independent School Dist. No. 16 of Payne County
Discussed
 1949 OK 17, 203 P.2d 713, 201 Okla. 204, SPECIAL INDEM. FUND v. QUINALTY
Discussed
 1948 OK 104, 205 P.2d 306, 201 Okla. 308, SPECIAL INDEM. FUND v. PREWITT
Discussed
 1984 OK 26, 681 P.2d 763, 55 OBJ 1013, State ex rel. York v. Turpen
Discussed
 1986 OK 16, 732 P.2d 438, 57 OBJ 998, Harry R. Carlile Trust v. Cotton Petroleum Corp.
Discussed
Title 20. Courts
 Cite
Name
Level

 20 O.S. 30.1, Establishment - Jurisdiction - Court of Civil Appeals
Cited
Title 75. Statutes and Reports
 Cite
Name
Level

 75 O.S. 307, Filing and Disposition of Petitions for Declaratory Rulings - Judicial Review
Cited
Title 85. Workers' Compensation
 Cite
Name
Level

 85 O.S. 2, Repealed by Laws 1986, SB 496, c. 222, § 32, eff. November 1, 1986
Cited
 85 O.S. 303, Repealed by Laws 2013, SB 1062, c. 208, § 171, eff. February 1, 2014
Cited
 85 O.S. 26, Repealed by Laws 2011, SB 878, c. 318, § 87
Discussed at Length
Title 85A. Workers' Compensation
 Cite
Name
Level

 85A O.S. 2, Definitions
Discussed at Length
 85A O.S. 5, Exclusivity
Cited
 85A O.S. 19, Workers' Compensation Commission - Appointment - Salary - Rules - Office - Chair - Duties - Appeals - Disqualification
Discussed at Length
 85A O.S. 22, Workers' Compensation Commission - Administration - Employees - Powers - Duties
Cited
 85A O.S. 27, Workers' Compensation Commission - Administrative Law Judges - Powers - Duties
Discussed
 85A O.S. 72, Workers' Compensation Commission - Proceedings - Conduct - Public - Records - Introduction of Evidence - Expert Testimony
Cited
 85A O.S. 78, Workers' Compensation Commission - Appeal to Commission - Appeal to Supreme Court
Cited
 85A O.S. 400, Dissolution of the Workers' Compensation Court
Cited